# STATE OF OREGON,
*Appellant,*
*v.*
# DARRELL BOOTS IRVIN,
*Respondent.*

## (No. DU9972, CA 16239)

612 P2d 326

Robert C. Cannon, Assistant Attorney General, Salem, argued for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Janet Briggs, Certified Law Student, Portland, argued the cause for respondent. On the brief was M. Robert F. Smith, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

The state appeals from a pretrial order suppressing the results of a breathalyzer test. The defendant was charged with the offense of driving while under the influence of intoxicants. ORS 487.540. His motion to suppress was based upon the destruction of the breathalyzer ampoule, which prevented its retesting. On appeal, the state contends that the trial court erred because, while the evidence demonstrated that the ampoule, if preserved, could be retested, the testimony did not establish that the retesting would produce a meaningful analysis. *State v. Gibford,* 40 Or App 77, 594 P2d 858 (1979). We disagree and affirm.

In order to prevail upon a motion to suppress, based upon the destruction of a breathalyzer ampoule, a defendant must show both that the ampoule, if properly preserved, could be retested, to produce "a result that actually measured defendant's blood alcohol level," and that there is "a reasonable possibility that an error could have occurred in the initial administration of the breathalyzer [examination]." *State v. Gibford, supra,* 40 Or App at 79; *State v. Michener,* 25 Or App 523, 532-33, 550 P2d 449, *rev den* (1976).

The trial court found that the ampoule could have been meaningfully retested.

The state contends that this finding "is simply not based upon the facts."

This court has emphasized that "* * * the question of suppression of the original test because the ampoule is unavailable for retesting depends on the evidence in each case. * * *" *State v. Wood,* 41 Or App 31, 34, 596 P2d 1325, 1327 (1979). Whether the destroyed ampoule could have been meaningfully retested is a question of fact.

In this case, there is evidence which supports the trial court's finding that the ampoule could have been retested to produce a meaningful result. Bart Reid, a

forensic scientist and the defendant's expert, testified that, at least up to three and one-half months after the administration of a breathalyzer test,[1] it is possible to retest an ampoule to obtain an accurate measure of blood alcohol level.[2]

The trial court also found that, if the ampoule had been retested, "* * * there [would have been] a reasonable possibility that evidence favorable to defendant would have resulted." This finding is supported by the evidence which the trial court summarized as follows:

"Defendant produced non-expert and expert testimony. The non-expert testimony concerned the amount of alcohol consumed, the period of time over which it was consumed, and observations of defendant's appearance and behavior during the time period.

"The gist of the non-expert testimony was that defendant was not affected by the consumption of alcohol and that a considerable time period had elapsed for the alcohol to be absorbed into the blood.

"The gist of the expert testimony was that the ampoule, had it been preserved, could have been retested. I *[sic]* also showed, applying an accepted scientific formula, that his blood alcohol reading should have been significantly lower than the breath

---

[1] On appeal, the state argues that the defendant's request for the ampoule was not timely. The state asserts that the defendant's request came two and one-half months after the administration of the breathalyzer test. Neither the state's brief, nor our review of the record, indicates that this argument was presented to the trial court. In any event, here the defendant's request was made while the ampoule, if preserved, still could have been meaningfully retested. At least in this situation, the defendant's request was timely.

[2] Mr. Reid did note that he had been unable to obtain meaningful results while retesting breathalyzer ampoules (at least in part because he lacked some of the necessary equipment), but this admission affects only the weight to be given to his opinion. Mr. Reid's testimony that ampoules can be meaningfully retested supports the trial court's finding.

[562]

test results, considering his weight, the amount consumed, the length of time, and the rate of burnoff."[3]

The facts as found by the trial court satisfy both aspects of the *Michener* test and we are bound by those findings. *State v. Warner,* 284 Or 147, 585 P2d 681 (1978).

Affirmed.

---

[3] In addition to the evidence summarized by the trial court, the defendant maintains that the finding (that there is a reasonable possibility that a retest result would have produced evidence favorable to the defendant) is also based on testimony indicating that the breathalyzer operator did not follow proper procedures in administering the test. The defendant points to evidence tending to support this theory, but the state contends that the trial court rejected that evidence. Neither this rejection, nor the trial court's reliance on the evidence, is reflected in the trial court's order. *See State v. Johnson/Imel,* 16 Or App 560, 519 P2d 1053 (1974). However, we need not remand for the entry of any additional finding of fact. The findings contained in the court's order are sufficient to sustain the court's conclusion and to allow us to conduct a meaningful review of the order.