STATE OF OREGON,
*Appellant,*

*v.*

ROBERT MAFFIA,
*Respondent.*

(No. C 78-07-12173, CA 12294)

600 P2d 446

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Terrance C. Hunt, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

Defendant was indicted for hindering prosecution. The state appeals an order of suppression.

Some anonymous telephone calls were received and tape recorded in the homicide detectives' office of the Portland Police Bureau. The state obtained an order requiring defendant to submit to a telephonic voice transmission and provide a voice exemplar. Defendant complied and was indicted for hindering prosecution. He moved to suppress the exemplar and tapes of the conversations received by the police. A hearing was held and the trial court granted defendant's motion.

The trial court ordered suppression on the basis of ORS 165.545(2), which provides:

"No recording of telephonic or radio conversation recorded by fire or police governmental entities shall be admissible in evidence in any court of this state."

This subsection of ORS 165.545 must be read together with the preceding subsection, ORS 165.545(1),[1] to ascertain the overall legislative intent because both subsections originated in one paragraph. As originally enacted, Or Laws 1959, ch 681, § 6, read:

"Nothing in this Act shall be construed as preventing fire or police governmental entities from recording, replaying or broadcasting telephonic or radio messages that directly concern police or fire operation at the telephone or radio operation center or centers of such governmental entity. No recording of telephonic or radio conversation recorded by fire or police governmental entities shall be admissible in evidence in any court of this state."

Or Laws 1959, ch 681, of which this section is a part, is a comprehensive amendment of statutes

---

[1] ORS 165.545(1) provides:

"Nothing in ORS 165.535, 165.540 and this section, shall be construed as preventing fire or police governmental entities from recording, replaying or broadcasting telephonic or radio messages that directly concern police or fire operation at the telephone or radio operation center or centers of such governmental entity."

elsewhere in the code regulating electronic eavesdropping. The evident purpose was to allow recording of police and fire operational communications including telephone reports of crime and requests for assistance by private persons who would not necessarily be aware that their calls were being recorded, but, for reasons sufficient to the legislature, to bar use of those recordings in evidence. There is no suggestion that recording of telephone communications by the police other than those which "directly concern police or fire operation *at the telephone or radio operation center"* were to be subject to the absolute evidentiary bar rather than to the regulation applicable to all other telecommunication. (Emphasis supplied.)

In this case the evidence discloses that the calls were not directed to or recorded at the operations center, but were made to and recorded at the homicide detail of the detective division of the Portland Police Bureau. Because the statute does not apply to this type of call, the trial court's suppression was without statutory basis and therefore erroneous.

Reversed and remanded for trial.