Argued and submitted June 19, reversed and remanded
for trial September 8, reconsideration denied October 20,
petition for review allowed November 24, 1981 (292 Or 108)
See later issue Oregon Reports

# STATE OF OREGON,
## *Appellant,*

*v.*

# WALTER UNDERWOOD,
## *Respondent.*

## (No. 80 1217, CA A20054)

633 P2d 803

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Edward L. Daniels, Albany, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals an order granting defendant's "motion in limine" to exclude a recording of a telephone conversation between defendant and an undercover police officer. Following the court's ruling, the prosecutor said the state wished to appeal the ruling and would not proceed. The court then dismissed the indictment. Defendant first asserts the state has not appealed the dismissal and, even if the order suppressing the evidence is reversed, the case cannot be remanded for trial.

■ Defendant is incorrect for two reasons. First, the notice of appeal states that the appeal is from the order suppressing the evidence and dismissing the case. The order attached to the notice of appeal both grants defendant's motion in limine and dismisses the case. Second, in *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975), we held under similar circumstances that an order dismissing a case after an evidentiary ruling adverse to the state was improper and the case could be remanded for trial if the underlying ruling on the evidence is reversed. We also held in *Hoare* that a pretrial ruling that effectively excludes the use of evidence by the state is appealable pursuant to ORS 138.060 regardless of the form of the motion. Defendant's motion, though characterized a motion in limine, was, in essence, a pretrial motion to suppress. The state is entitled to appeal and seek reversal and remand for trial. *See also,* ORS 133.735(3).

■■ Defendant's motion to limit the use of the tape recording was based on ORS 133.735, which allows suppression of any wire communication intercepted[1] in violation of ORS 133.721 *et seq.* That sequence of statutory sections provides that law enforcement agencies must obtain prior court authorization to intercept a wire communication. Failure to obtain the proper court order renders the contents of the intercepted communication inadmissible at trial.

No evidence was presented on defendant's motion to exclude the evidence. However, both parties agree as to

---

[1] " 'Intercept' means the aural acquisition, by listening or recording, of the contents of any wire or oral communication through the use of any electronic, mechanical or other devide." ORS 133.721(4).

what occurred. Defendant was indicted for conspiracy to commit an assault. The state intended to offer in evidence a tape recording of a telephone conversation between defendant and an undercover police officer. The same officer recorded the conversation while talking to defendant. The state had not obtained a prior court order to record the telephone conversation. The trial court ordered suppression on the basis urged by defendant.

■      The state argues that the tape recording is authorized by ORS 165.540(1)(a) when one of the participants to the telephone conversation consents to the recording. That section provides:

"(1)   Except as otherwise provided in ORS 133.725 or subsections (2) to (5) of this section, no person shall:

"(a)   Obtain or attempt to obtain the whole or any part of a telecommunication or a radio communication to which such person is not a participant, by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, unless consent is given by at least one participant."

Defendant argues that ORS 165.540(1)(a) does not authorize the admission of a tape recording of a telecommunication, but only makes a recording with the consent of a participant noncriminal. He contends the admission of the recording is controlled by ORS 133.721 *et seq.*

As we noted in *State v. Maffia,* 42 Or App 147, 600 P2d 446 (1979), *rev den* 288 Or 519 (1980), the legislature enacted a comprehensive statutory scheme controlling electronic eavesdropping. ORS 165.540 and ORS 133.721 *et seq.* are an integral part of that statutory scheme. ORS 165.540(1) specifically refers to ORS 133.721[4]. By this reference the statute indicates that the requirements of ORS 133.721 *et seq.* are not applicable to the situation where the contents of a wire communication are acquired with the consent of one of the participants.

Reading the several statutory sections together, it is clear that the legislative plan was to control acquisition of the contents of wire communications by third parties who were not participants. Thus, where a participant in a telephone communication records the conversation, he is not intercepting the communication, but is recording what

he is entitled to hear. Defendant concedes the officer was entitled to hear the conversation and testify from his memory as to the contents.

In *Lopez v. United States,* 373 US 427, 83 S Ct 1381, 10 L Ed 2d 462 (1963), defendant contended a conversation he had with a witness could be testified to but a tape recording was constitutionally inadmissible. The Supreme Court said:

> "Stripped to its essentials, petitioner's argument amounts to saying that he has a constitutional right to rely on possible flaws in the agent's memory, or to challenge the agent's credibility without being beset by corroborating evidence that is not susceptible of impeachment. For no other argument can justify excluding an accurate version of a conversation that the agent could testify to from memory. [Footnote omitted.] * * *" 373 US at 439.

We conclude the court erred in granting defendant's motion to exclude the tape recording.

Reversed and remanded for trial.