Argued and submitted February 9. Court of Appeals affirmed, reversed and remanded to trial court July 27, 1982

STATE OF OREGON,
*Respondent on Review,*

*v.*

WALTER UNDERWOOD,
*Petitioner on Review.*

(TC 80,1217, CA A20054, SC 28112)

648 P2d 847

Edward L. Daniels, Albany, argued the cause and submitted the brief for Petitioner.

Richard David Wasserman, Assistant Attorney General, argued the cause for Respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

The issue in this case is whether an undercover police officer's recording of a telephone conversation between himself and a suspect constitutes an interception which is subject to suppression because it was not obtained under court order. The state contends that the various provisions relating to interception of communications, codified in Chapters 133, 165 and 41, which were passed as parts of the same act, must be read together to determine what constitutes an "unlawful interception" subject to suppression for failure to obtain a court order.[1] Since parties are exempt from criminal liability, the state's position is that communications to which an officer is a party are not "unlawful interceptions," and need not be authorized by court order. Defendant contends that the provisions of ORS Chapter 133 concerning interception of communications must themselves be read as a whole, and that those provisions conflict unless party communications are subject to suppression if obtained without a court order. We find that no interception occurred in this case.

---

[1] ORS 133.735(1) provides:

"(1) Any aggrieved person in any trial, hearing or proceeding in or before any court, department, officer, agency, regulatory body or other authority of the state, or a political subdivision thereof, may move to suppress the contents of any wire or oral communication intercepted under ORS 133.724, or evidence derived therefrom, on the grounds that:

"(a) The communication was unlawfully intercepted;

"(b) The order of authorization or approval under which it was intercepted is insufficient on its face; or

"(c) The interception was not made in conformity with the order of authorization or approval"

ORS 133.724 provides in pertinent part:

"(1) An ex parte order for the interception of wire or oral communications may be issued by any circuit court judge upon written application made upon oath or affirmation of the individual who is the district attorney for the county in which the order is sought. The application shall include: * * *."

ORS 165.540 provides, in pertinent part:

"(1) Except as otherwise provided in ORS 133.724 or subsections (2) to (5) of this section, no person shall:

"(a) Obtain or attempt to obtain the whole or any part of a telecommunication or a radio communication to which such person is not a participant, by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, unless consent is given by at least one person."

Defendant was indicted for conspiracy to commit assault. Before trial defendant moved to suppress evidence obtained by an undercover officer's recording of an incriminating telephone conversation between himself and defendant. The court granted the motion, and granted the state's subsequent motion to dismiss the case. The state appealed from the order of dismissal. ORS 139.060. The Court of Appeals reversed and remanded for trial after finding that the recording was not "interception" subject to suppression under ORS 133.735. 53 Or App 771, 633 P2d 803 (1981). We allowed defendant's petition for review.

■ The Oregon statutes define an "interception" as "the aural acquisition, by listening or recording, of the contents of any wire or oral communication through the use of any electronic, mechanical or other device." ORS 133.721(4).[2] We find that a reading of the interception statutes as a whole makes it clear that no interception occurs when one party records a communication. This reading is consistent with federal caselaw under a prior form of the federal law regarding interception of communications, former 47 USC § 605, which allowed recording with one party consent. See Rathbun v. United States, 355 US 107, 78 S Ct 161, 2 LEd 2d 134 (1957). Some states have amended their statutes to require the consent of all parties to a communication. In such a case, interception includes recording by a party to a communication. See State v. Tsavaris, 394 So 2d 418 (Fla. 1981). Oregon has not so amended its statutes. The current federal act, 18 USC § 2510 et seq, allows police recording with one party consent or where a police officer is a party to the communication. Absent clear legislative intent that each party to a conversation be accorded an expectation of privacy as to interception by another party to the communication, such recording is not interceptive. Because Oregon's statutory definition of "interception" includes both "listening and recording," any

---

[2] A "wire communication" is one made in whole or part through the use of facilities for the transmission of communications by the aid of wire, cable or other like connection between the point of origin and the point of reception. ORS 133.721(8). An "oral communication" is one, other than a wire communication, uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation. ORS 133.721(6).

other reading of that definition would lead to the absurd result of requiring a court order prior to recording a called-in confession. Our result is supported by the following interpretation of the term "interception" in *Billeci v. United States,* 87 App DC 274, 184 F2d 394, 24 ALR 2d 881 (1950):

> "We think that interception of a phone call necessarily involves the idea that a speaker thinks he is talking to one person whereas in fact a third person is listening. * * *."

We hold that when a police officer participates in a telephone communication with a person and records the communication, the evidence is not an "interception" under ORS 133.721(4) and is therefore not subject to suppression under ORS 133.735 when obtained without a court order.

Affirmed.