Argued and submitted December 15, 1986, affirmed March 25, reconsideration denied June 26, petition for review allowed August 24, 1987 (304 Or 55)

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL FRANK DIMEO,
*Appellant.*

(84-1088; CA A40044)

734 P2d 391

Stephen A. Houze, Portland, argued the cause for

appellant. With him on the brief were Birkland and Houze, Portland, and Sharon A. Williams, Portland.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his convictions for possession and conspiracy to deliver a controlled substance. ORS 475.992(1), (4). He contends that the trial court erred in failing to suppress evidence of his telephone conversations with a police informant and the cocaine seized during a search of his car pursuant to a warrant.[1] We affirm.

Officer Wade arrested John McEachern for possession and conspiracy to deliver cocaine. Police seized a pound of cocaine from him. Wade and Sergeant May questioned him. He gave written consent for a search of his house, freely admitting that there was marijuana there, and gave its precise location within the house. Later, May explained the charges to him and the possible sentences if he were convicted. May also told him that, if he would help the police catch his supplier, May would tell the District Attorney about his cooperation. McEachern agreed to cooperate.

McEachern telephoned defendant, whom he claimed was his supplier, to arrange a purchase of cocaine. He consented to the police recording telephone conversations between himself and defendant. *See* ORS 165.540(1)(a);[2] *see also State v. Underwood,* 293 Or 389, 648 P2d 847 (1982). He agreed to meet defendant at a shopping mall to purchase cocaine. He and the police went to the mall. He described defendant's car to the police. At the mall, he identified defendant's car. Defendant had gone inside the mall. A short time later he returned. McEachern identified him to the police. Defendant then walked to McEachern's car, where he was arrested. The police asked him for permission to search his car; he refused.

The car was impounded. The police obtained a warrant to search it for further evidence of the crimes for which

---

[1] In count III, defendant was charged with carrying a concealed weapon. That charge was dismissed.

[2] ORS 165.540(1) provides, in relevant part:

"Except as otherwise provided in ORS 133.724 or subsections (2) to (6) of this section, no person shall:

"(a) Obtain or attempt to obtain the whole or any part of a telecommunication or a radio communication to which such person is not a participant, by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, unless consent is given by at least one participant."

defendant had been arrested. A search revealed cocaine and a gun registered to defendant. He moved to suppress the recorded telephone conversations and the evidence seized from his car. Both motions were denied.[3] After a stipulated facts trial, he was convicted.

■    Defendant contends that the trial court erred in failing to suppress the recorded telephone conversations. He argues that McEachern's consent to the recordings was not voluntary.[4] Telephone conversations are protected from unreasonable search and seizure. *See Katz v. United States,* 389 US 347, 88 S Ct 507, 19 L Ed 2d 576 (1967); *State v. Pottle,* 296 Or 274, 677 P2d 1 (1984). Recording a telephone conversation is permissible, however, if one party to the conversation consents. ORS 165.540(1)(a).

■    The trial court found that, after his arrest, McEachern was questioned by May. May explained to him that he was facing charges carrying the potential of a prison sentence and that he could have his case processed or he could cooperate with the police, in which case May would tell the District Attorney of his cooperation. McEachern agree to cooperate. He telephoned defendant to arrange a purchase of cocaine. He consented to the police recording his telephone conversations with defendant. He was not under the influence of intoxicants, or suffering from any mental or physical disability, and the police had not made any threats or promises to him. He had a series of telephone conversations with defendant arranging to purchase cocaine, resulting in defendant's arrest.

The court also found that McEachern's version of his conversations with May differed from May's and that both

---

[3] Defendant also moved to suppress his statement to the police about a gun being in his car. After being advised of his *Miranda* rights, he invoked his right to counsel. Notwithstanding, the police asked him whether there were any weapons in his car. The state conceded below that that violated his right to counsel, *see Edwards v. Arizona,* 451 US 477, 101 S Ct 1880, 68 L Ed 2d 378 (1981); *State v. Kell,* 77 Or App 199, 712 P2d 827, *rev allowed,* 302 Or 194, (1986), and the trial court granted his motion.

[4] At the first hearing on the motion to suppress, the state questioned defendant's "standing" to challenge the voluntariness of McEachern's consent. Later, the state conceded standing. *See, e.g., United States v. Ryan,* 548 F2d 782 (9th Cir 1976), *cert den* 430 US 965 (1977); *United States v. Hodge,* 539 F2d 898 (6th Cir 1976). The state makes no issue of standing in this court, and we express no opinion on that question.

McEachern and his friend Andersen were less credible witnesses than the state's witnesses. There is evidence in the record to support those findings and we are bound by them. *State v. Kennedy,* 290 Or 493, 624 P2d 99 (1981); *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). Looking at the totality of the circumstances, *State v. Cochran,* 72 Or App 499, 512, 696 P2d 1114 (1985); *State v. Burdick,* 57 Or App 601, 606, 646 P2d 91 (1982), we conclude that McEachern's consent to the recordings was voluntary.[5] The trial court did not err in denying defendant's motion to suppress the recorded telephone conversations.

■ Defendant contends that the trial court erred in not suppressing the cocaine found in his car. He argues that the search was tainted by the illegal telephone recordings and that there was not enough other evidence of probable cause to support the issuance of a search warrant. We have already held that the recordings were permissible. Further, even when defendant's statement regarding the gun being in his car is excluded, see n 3, *supra,* Wade's affidavit was sufficient to support a conclusion that there was probable cause to believe that evidence of the crime for which defendant was arrested would be found in his car. Therefore, the warrant was properly issued.

Defendant's argument that, because he could have left the cocaine in the shopping mall or at some other place, there was no probable cause to believe that cocaine would be found in his car, lacks merit. He was meeting McEachern to sell him cocaine. Once it was not found on his person when he was arrested, the most probable place to look for it was in his car, which was parked nearby. For probable cause purposes, it was not necessary for the police to eliminate all other possible locations for the suspected contraband. *State v. Villagran,* 294 Or 404, 657 P2d 1223 (1983). The trial court did not err in denying defendant's motion to suppress the cocaine.

Defendant also argues that evidence of the gun should have been suppressed, because it was fruit of the impermissible questioning that followed his invocation of his

---

[5] Federal courts apparently apply a less stringent analysis to consent to record than they apply to consent to search. *See, e.g., United States v. Glickman,* 604 F2d 625, 633-34 (9th Cir 1979), *cert den* 444 US 1080 (1980); *United States v. Bonanno,* 487 F2d 654, 658-59 (2d Cir 1973).

right to counsel. *See* n 3, *supra.* The issue is moot. *See* n 1, *supra.*

Affirmed.