Submitted on respondent's petition for reconsideration filed July 24, petition for reconsideration allowed; opinion (154 Or App 643, 963 P2d 686) modified and adhered to as modified October 28, 1998, petition for review allowed February 2, 1999 (328 Or 275)

STATE OF OREGON,
*Appellant,*

*v.*

STEVEN GLEN FUGATE,
*Respondent.*

(96-0660-C; CA A96628)

969 P2d 395

David E. Groom, Public Defender, and Anne Morrison, Robin A. Jones, and Andy Simrin, Deputy Public Defenders, Salem, for petition.

No appearance *contra*.

LANDAU, J.

De Muniz, J., dissenting.

## LANDAU, J.

Defendant petitions for reconsideration of our decision to reverse the trial court's order suppressing evidence on the ground that Senate Bill 936 (SB 936) applies to this case and requires admission of the evidence. *State v. Fugate*, 154 Or App 643, 963 P2d 686 (1998). He raises three contentions on reconsideration: (1) that the Supreme Court's subsequent decision in *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998), contains language concerning the proper construction of Article IV, section 20, of the Oregon Constitution, that suggests that we were wrong in concluding that SB 936 embraces only one subject; (2) that retroactive application of SB 936 violates his federal constitutional due process rights; and (3) that the state's reliance on SB 936 should be rejected as unpreserved. We allow the petition for reconsideration, reject each of defendant's contentions and adhere to our opinion for the reasons that follow.

■ We begin with defendant's contentions concerning his one-subject challenge to the body of SB 936. Defendant argued that the body of SB 936 contained more than one subject, in violation of Article IV, section 20. In accordance with *McIntire v. Forbes*, 322 Or 426, 443-44, 909 P2d 846 (1996), we examined the statute to determine whether, without regard to the title, we could identify a "unifying principle logically connecting all provisions in the act." *Fugate*, 154 Or App at 652 (quoting *McIntire*, 322 Or at 443). We concluded that the various provisions of the statute

> "directly concern the prosecution and conviction of persons who have committed criminal acts, and it is that unifying principle that logically connects all of the provisions of the act."

*Fugate*, 154 Or App at 654. Defendant now argues that, in *Armatta*, the Supreme Court clarified the one-subject analysis it originally described in *McIntire* by stating that whether there is a unifying principle logically connecting all provisions in an act actually involves a two-step analysis. According to defendant,

> "the court must look at *both* the question of whether the objective of the enactment provides the logical connection

among the various provisions *and* whether the various provisions *also* are pertinent to one subject."

(Emphasis in original.) Defendant reads our opinion to have decided the constitutionality of SB 936 solely in terms of its purpose, without regard for the second component of the "unifying principle" analysis. In the alternative, defendant suggests that, even assuming that our focus on the purpose of SB 936 was correct, our conclusion still is incorrect, because SB 936 evinces at least two separate purposes: the protection of crime victims and the prosecution of criminals.

At the outset, we observe that, in *Armatta*, the court invalidated Ballot Measure 40 (1996) not on single-subject grounds but on the ground that the measure violated the separate-vote requirement of Article XVII, section 1, of the Oregon Constitution. 327 Or at 289. Moreover, we are unable to discern anything that the court said by way of *dictum* in that case that sheds new light on the meaning and proper application of Article IV, section 20. In particular, we find no support for defendant's suggestion that, to satisfy the "unifying principle" test of *McIntire*, a bill must reflect both a single purpose and a single subject.

In that light, we further observe that, in attacking our opinion for having decided the constitutionality of SB 936 on the basis of the statute's purpose, defendant pursues a straw man. Our analysis was not, and did not purport to be, based on the "purpose" or purposes of SB 936. *See OEA v. Phillips*, 302 Or 87, 100, 727 P2d 602 (1986) ("purpose is not to be confused with subject"). Rather, our opinion identified "the prosecution and conviction of persons who have committed criminal acts," as the unifying principle that logically connects all the provisions of SB 936. *Fugate*, 154 Or App at 654.

The dissent takes a slightly different tack in reaching the same conclusion as defendant. According to the dissent, although in *Armatta* the Supreme Court did not articulate a new analysis for determining whether a given bill satisfies the one subject requirements of Article IV, section 20, the court's decision in that case nevertheless casts doubt on our decision in this case, because "the Supreme Court

explicitly stated that the rights affected by several of the procedures we listed are not related to each other by the principle we offered." 156 Or App at 615. The dissent bases that argument on the Supreme Court's holding that, in the context of the Article XVII, section 1, challenge before it, the various provisions do not pertain to " 'constitutional rights that might be implicated during criminal investigation or prosecution.' " *Id.* (quoting *Armatta*, 327 Or at 283).

We respectfully disagree with the dissent for two reasons. First, the premise of the dissent's argument is mistaken. The unifying principle that we identified is not so narrow as the unifying principle that the court discussed in *Armatta*. It is not limited to the *constitutional rights* that might be implicated during criminal prosecution. It may well be true that the provisions of SB 936 cannot fairly be said to concern the constitutional rights of defendants. The observation is, however, beside the point, given that the unifying principle that we discerned is broader than that.

■　　　Second, and in any event, the Supreme Court's analysis of whether the provisions of Ballot Measure 40 violated the separate-vote requirement concerned an entirely different section of the constitution from the one-subject requirement of Article IV, section 20. As the Supreme Court itself took pains to explain, "the separate-vote requirement of Article XVII, section 1, imposes a *narrower* requirement" than does the single-subject requirement that pertains to legislation. *Armatta*, 327 Or at 276 (emphasis in original). That is so, the court explained, because the act of amending the constitution is different from enacting or amending legislation and implicates different policies and constitutional concerns. *Id.* Logically, therefore, it simply does not follow that, because a given enactment might not survive scrutiny under Article XVII, section 1, it would not survive scrutiny under Article IV, section 20.

■　　　We turn to defendant's due process argument. Defendant complains that we failed to address his argument that the retroactive application of SB 936 violates the Due Process Clause of the Fourteenth Amendment to the federal constitution. According to defendant, he raised the argument by referring to arguments raised in different proceedings. The

problem, as we noted in our original opinion, is that defendant, in fact, did not identify the argument to us. He merely referred to the brief filed in another case, in which Ballot Measure 40 was challenged on numerous federal and state constitutional grounds and left it to us to guess that what he meant was to refer specifically to one of the arguments described in less than two pages of that 118-page brief. We reiterate that, if parties wish to incorporate arguments raised in other cases, at the very least they need to specify *which* arguments they intend to incorporate.

Finally, we address defendant's contention that the state should not be permitted to rely on SB 936, because it failed to raise the issue below. According to defendant, although SB 936 had not been enacted at the time the trial court issued its decision, the state could have asserted essentially the same arguments citing Ballot Measure 40, which was in effect at the time. Defendant did not make that argument in his brief on appeal, and we will not entertain it for the first time on reconsideration.

Petition for reconsideration allowed; opinion modified and adhered to as modified.

**DE MUNIZ, J.,** dissenting.

In our opinion, we identified "the prosecution and conviction of persons who have committed criminal acts" as the unifying principle that logically connects all the provisions of SB 936, thereby immunizing the bill from defendant's single-subject attack. *State v. Fugate*, 154 Or App 643, 654, 963 P2d 686 (1998). On reconsideration, defendant contends that the Supreme Court's decision in *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998), invalidating Measure 40 on the separate-vote requirement of Article XVII, section 1, of the Oregon Constitution, contains language and analysis that suggests we were wrong in concluding that SB 936 embraces only one subject. The majority states that "we are unable to discern anything that the [*Armatta*] court said by way of *dictum* in that case that sheds new light on the meaning and proper application of Article VI, section 20." 156 Or App at 612. I agree with the majority that *Armatta* implies no new formal analysis for the single-subject requirement. However, in my view, the court's substantive analysis in *Armatta*,

although involving the more narrow separate-vote require-
ment, compels us to conclude on reconsideration that SB 936
does indeed violate the single-subject requirement.

In *Fugate,* we concluded that the various provisions
of SB 936 are related in that they

"directly concern the prosecution and conviction of persons
who have committed criminal acts, and it is that unifying
principle that logically connects all of the provisions of the
act." 154 Or App at 654.

We explained:

"The prosecution of any charged crime begins with arrest
and continues through pretrial procedures that include pre-
trial release decisions, plea bargaining and jury selection.
Next, the case may move to the trial stage, which involves
issues about the admissibility of evidence. If the defendant
is convicted, the next phase of the prosecution involves sen-
tencing, probation or imprisonment, release on parole, and
possibly probation or parole revocation proceedings." *Id*.

However, in *Armatta,* the Supreme Court explicitly
stated that the rights affected by several of the procedures we
listed are not related to each other by the principle we
offered. The court stated:

"Many of the constitutional provisions affected by Meas-
ure 40 are related in the sense that they pertain to consti-
tutional rights that might be implicated during a criminal
investigation or prosecution. *However, not all * * * share
even that relationship.*" 327 Or at 283 (emphasis added).

That contradicts the unifying principle we identified in our
initial opinion. For example, in *Armatta,* the court com-
mented that the requirement that the jury pool in criminal
cases be drawn from registered voters, which is also a provi-
sion of SB 936, *does not pertain to constitutional rights that
might be implicated during a criminal investigation or pros-
ecution. Id*. That implies that that requirement is not logi-
cally connected to the prosecution and conviction of crimi-
nals. The court goes on to state that

"the right of all people to be free from unreasonable
searches and seizures under Article I, section 9, has virtu-
ally nothing to do with the right of the criminally accused to

have a unanimous verdict rendered in a murder case under Article I, section 11. * * * Similarly, the right of the criminally accused to bail by sufficient sureties under Article I, section 14, bears no relation to legislation concerning the qualification of jurors in criminal cases under Article VII (Amended), section 5(1)(a)." *Id.* at 283-84.

The court in *Armatta* made it clear that Measure 40 implicates unrelated rights that are not logically connected to one another.

In *Armatta*, the court was analyzing Measure 40 to determine whether it violated the more narrow separate-vote requirement of Article XVII, section 1, of the Oregon Constitution ("the separate-vote requirement * * * imposes a *narrower* requirement than does the single-subject requirement," *id.* at 276 (emphasis in original)) when it made those observations. However, they are still relevant to a single-subject analysis because those observations were made as part of the analysis of whether the constitutional changes effected by Measure 40 were "closely related." After determining that various parts of Measure 40 changed five different sections of the Oregon Constitution, the court concluded that those changes were "not closely related." *Id.* at 283. Unlike the majority, I can only infer that if the various provisions of the constitution affected by Measure 40 have insufficient relation to one another, then the provisions of Measure 40 also have insufficient relation to one another. Those same provisions are contained in SB 936. Therefore it must follow, in light of *Armatta*, that those same provisions in SB 936 are "unrelated" and not connected, as we initially concluded, by a "unifying principle logically connecting all provisions in the act, such that it can be said that the act embraces but one subject." Senate Bill 936 contains more than a single subject, and we err in concluding otherwise.

For the above reasons, I respectfully dissent.

Wollheim, J., joins in this dissent.