Argued and submitted July 29, 1998, motion to dismiss denied; vacated and remanded for further proceedings February 24, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## PATRICK JAMES DENNY,
*Respondent.*

(Z404172; CA A97031)

978 P2d 1014

Rolf C. Moan, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Kimi Nam, Deputy Public Defender, argued the cause for respondent. With her on the brief was Diane L. Alessi, Interim Public Defender.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant was charged with driving under the influence of intoxicants (DUII). ORS 813.010. The state appeals a pretrial order suppressing all evidence obtained by a state police officer after he asked defendant to step out of his car. The trial court concluded that the officer's request that defendant step out of his car violated ORS 810.410(3)(b), as construed in *State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995), and granted defendant's motion to suppress. The state argues, *inter alia*, that even if *Dominguez-Martinez* would otherwise compel suppression, ORS 136.432 (section 1 of Senate Bill 936 (1997)) precludes that result. Because we agree that ORS 136.432 controls, we vacate and remand.

Portland Police Officer Marshman was on patrol on the afternoon of September 13, 1996, when a driver headed in the opposite direction waved him down. The driver described a vehicle to Marshman and told him that the driver of that vehicle was drinking vodka. Marshman saw a vehicle of that description nearby and proceeded to follow it. The vehicle, driven by defendant, stopped at a stop sign. Defendant took "an inordinate amount of time" to move through the intersection, and, when he did, he turned without signaling.

Marshman stopped defendant for making an unsignaled turn.[1] ORS 811.335(1)(b). Upon approaching defendant, Marshman observed that defendant's eyes were droopy and bloodshot. When Marshman asked defendant for his driver's license, defendant replied, "Don't have one." Marshman then asked defendant whether he had left his license at home or did not have a driver's license at all. Defendant answered, "I don't know."

Marshman next "asked" defendant to step out of the vehicle, and defendant did so. Marshman testified that his reason for asking defendant to step out of the vehicle was to "investigate who he was, if he should be driving, if he ha[d] a license at all." Marshman also testified that he typically uses the computer in his patrol car to determine if a driver has a valid license and that it is not necessary for the driver to be in

---

[1] Neither party disputes that Marshman lawfully stopped defendant.

the police car during such a computer check. Upon leaving his car, defendant swayed and staggered toward Marshman. Marshman put his hands out to stop defendant and "brace him up." At that point, Marshman requested a backup traffic officer, and Officer Janzen arrived shortly thereafter. Janzen quickly determined that defendant was "very obviously under the influence of intoxicants."

Defendant was arrested and charged with DUII. ORS 813.010. Before trial, defendant filed three motions to suppress evidence. At the hearing on the motions to suppress, defendant argued that all evidence obtained following Marshman's request that he step out of his car should be suppressed under ORS 810.410(3)(b), because Marshman's request was not reasonably related to either defendant's unsignaled turn, ORS 811.335(1)(b), or his failure to present a driver's license. ORS 870.570(1). The state responded that, because Marshman could have arrested defendant for failure to present a license under ORS 807.570, he necessarily had the authority to ask defendant to step from the car.

The trial court rejected the state's argument and concluded that Marshman's request that defendant step out of his car exceeded the scope of the investigation authorized by ORS 810.410(3)(b) and *Dominguez-Martinez*.[2] Accordingly, the trial court granted defendant's motion to suppress "everything from the request to step out of the car—including the request to step out of the car—on," and, on defendant's motion, dismissed the case. The allowance of the motion to suppress and the dismissal are embodied in a single document.

The state timely filed a notice of appeal of the trial court's suppression order, and defendant moved to dismiss

_____

[2] ORS 810.410(3)(b) provides, in part, that a police officer:

"May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of a citation."

In *Dominguez-Martinez*, the Supreme Court interpreted ORS 810.410(3)(b), and held that

"an officer who stops a person for a traffic infraction may investigate only that infraction, unless the state can point to some basis other than the traffic infraction to broaden the scope of the investigation." 321 Or at 212.

the appeal, asserting that the state's failure to assign error to the concurrent order of dismissal rendered the appeal moot. Because defendant's motion to dismiss implicates our jurisdiction in this case, we address that matter first.

■ In support of his motion to dismiss, defendant argues that the state's failure to assign error to the trial court's order of dismissal renders the appeal moot, because " '[the] court's decision no longer will have a practical effect on or concerning the rights of the parties.' " *Barcik v. Kubiaczyk*, 321 Or 174, 182, 895 P2d 765 (1995) (citation omitted). We disagree.

■ Where, as here, the order of dismissal and the suppression order are embodied in the same document, a determination that suppression was erroneous mandates reversal of both the suppression and the dismissal. *State v. Sulser*, 127 Or App 45, 47 n 1, 871 P2d 126 (1994); *State v. Underwood*, 53 Or App 771, 773, 633 P2d 803 (1981), *aff'd* 293 Or 389, 648 P2d 847 (1982); *State v. Wood*, 41 Or App 31, 596 P2d 1325 (1979). *See also State v. Robinson*, 158 Or App 494, 974 P2d 713 (1999). Accordingly, we deny defendant's motion to dismiss.

■ On appeal, the state first argues that the trial court erred in granting defendant's motion to suppress because Marshman's request that defendant step out of his car did not violate ORS 810.410(3)(b).[3] Alternatively, the state contends, even if Marshman's request violated that statute, ORS 136.432 applies to this case and compels admission of the evidence unless either the Oregon Constitution, or the United States Constitution requires suppression.

---

[3] On appeal the state argued for the first time that Marshman's request that defendant step out of the car was reasonably related to investigating defendant's failure to present a license. That argument was not raised, at least in any coherent fashion, below and, thus, is not properly before us. *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). The state also, briefly, rehearses its argument that Marshman's request was lawful because he had probable cause to arrest defendant for failure to present a license. That argument, however, ignores the fact that Marshman never testified that he intended to arrest defendant for failure to present—an arrest that never occurred—much less that his request was related to such an inchoate arrest.

Thus, the request cannot be characterized as a search incident to arrest.

ORS 136.432 (section 1 of SB 936) provides, in part:

"A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

"(1) The United States Constitution or the Oregon Constitution[.]"[4]

Defendant raises three arguments in opposition to the application of ORS 136.432 to this case. First, defendant asserts that, because the state did not invoke Ballot Measure 40 (1996) before the trial court, it failed to preserve, and cannot now raise, issues pertaining to the application of ORS 136.432. Since briefing and oral argument, we have rejected an identical nonpreservation argument. *State v. Cruz-Aguirre*, 158 Or App 15, 18-20, 972 P2d 1206 (1999).

Second, defendant argues that ORS 136.432 constitutes *ex post facto* legislation in violation of Article I, section 21, of the Oregon Constitution, and Article I, section 10, of the United States Constitution. We have considered and rejected that argument. *State v. Fugate*, 154 Or App 643, 656-58, 963 P2d 686, *modified* 156 Or App 609, 969 P2d 395 (1998).

Finally, defendant argues that ORS 136.432 (section 1 of SB 936) is unconstitutional because SB 936 contains more than one subject and, thus, violates Article IV, section 20, of the Oregon Constitution.[5] Our decision in *Fugate* includes a lengthy discussion of the single subject requirements of Article IV, section 20, of the Oregon Constitution. 154 Or App at 651-56. Ultimately, we rejected the same "whole-body" challenge to SB 936 that defendant makes here. *Id.* at 656. In this case, defendant also argues that ORS

---

[4] ORS 136.432 became effective on June 12, 1997, Or Laws 1997, ch 313, § 1, but it applies to all criminal actions pending on or commenced after December 5, 1996. Or Laws 1997, ch 313, § 38. In this case, the trial court entered its suppression and dismissal order on March 21, 1997.

[5] Article IV, section 20, of the Oregon Constitution, provides, in part:

"Every Act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be expressed in the title."

136.432 (section 1 of SB 936) is unconstitutional because it is not encompassed within the act's title. In *State v. Jaehnig*, 158 Or App 348, 978 P2d 1011 (1999), we rejected that argument.

In summary, the state can raise the application of ORS 136.432 for the first time on appeal, and that statute is both constitutional and applicable to this case.

■ That does not, however, end our inquiry. Defendant asserts that, even if ORS 136.432 applies to his case, the evidence in question must be suppressed because Marshman's request that defendant step out of his car violated Article I, section 9, of the Oregon Constitution. That is, defendant asserts that the officer's request effected a warrantless search or seizure that did not fall within any constitutionally recognized exception. Central to defendant's argument is the premise that his conduct in leaving the vehicle was nonconsensual. Here, however, the trial court did not address the constitutional issue generally, or the question of consent specifically, because it granted defendant's motion to suppress on statutory, not constitutional, grounds. Consequently, the trial court made no findings of fact as to whether Marshman, in "asking" defendant to step out of the car, in fact compelled defendant to act, or whether the officer merely made a "request" to which defendant voluntarily consented. Because resolution of that matter is critical to defendant's constitutional argument and because that resolution will depend, in part, on factual determinations that are for the trial court to make, we remand to the trial court to determine the issue of consent in the first instance.

Defendant's motion to dismiss denied; vacated and remanded for further proceedings.