Argued and submitted January 27, reversed and remanded June 2, 1999

# STATE OF OREGON,
*Appellant,*

*v.*

# SEIKOH SAYEN MANIVONG,
*Respondent.*

## (96-09-47154; CA A99652)

983 P2d 1064

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Kimi Nam, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

In this prosecution for unlawful possession of a firearm, the state appeals a pretrial order suppressing evidence that was obtained in violation of ORS 810.410.[1] We conclude that the trial court erred and, accordingly, reverse and remand.

Before trial, defendant filed a motion to suppress the evidence, contending that it was obtained in violation of ORS 810.410, Article I, section 9, of the Oregon Constitution, and the Fourth Amendment to the United States Constitution. The court ruled that the officer's inquiry exceeded the permissible scope of the stop, rendering the evidence inadmissible under ORS 810.410. *See State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995). However, because of the intervening enactments of Ballot Measure 40 and Senate Bill 936 (SB 936), the trial court directed the parties to brief whether the evidence was nevertheless admissible under the provisions limiting the circumstances in which otherwise relevant evidence may be excluded.[2] The parties filed additional memoranda, and the trial court held a further hearing on the matter. Defendant asserted that admission of the evidence under the new statutory and constitutional provisions, which were enacted after the commission of the offense, would violate the *Ex Post Facto*, Privileges and Immunities, and Due Process Clauses of the Oregon and United States Constitutions. The trial court agreed with defendant's *ex post facto* argument and, consequently, excluded the evidence.

On appeal, we are concerned only with the admissibility of the evidence under SB 936, codified at ORS 136.432;

---

[1] ORS 810.410(3)(b) provides, in part, that a police officer "[m]ay stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of a citation." The state agrees that the officer's investigation in this case violated the statute.

[2] Ballot Measure 40 was enacted by the voters on November 5, 1996, and was added as Article I, section 42, of the Oregon Constitution. Subsequently, the 1997 legislature enacted SB 936 to conform the state statutes to the new constitutional provision. Or Laws 1997, ch 313, § 1. The relevant portion of SB 936 was codified at ORS 136.432 and provides that a court may not exclude relevant and otherwise admissible evidence in a criminal action unless exclusion is required constitutionally or by evidentiary rules governing privileges or hearsay.

Ballot Measure 40 has been ruled void. *See Armatta v. Kitzhaber*, 327 Or 250, 285, 959 P2d 49 (1998). As a threshold matter, defendant asserts that the state did not preserve its statutory argument because it cited and relied only on Ballot Measure 40 below. We disagree. Below, the parties and the court frequently referred to the statute and the amendment interchangeably, and they generally referred to Ballot Measure 40 as a shorthand reference to both provisions. Our review of the record satisfies us that the trial court was well aware of ORS 136.432 and considered itself to be ruling on the applicability of it as well as Ballot Measure 40. The purposes of the preservation doctrine were amply served in this instance. *See generally State v. Hitz*, 307 Or 183, 188-89, 766 P2d 373 (1988).

■■    On the merits, the *ex post facto* issue is controlled by our decision in *State v. Fugate*, 154 Or App 643, 656-58, 963 P2d 686, *adhered to as modified* 156 Or App 609, 969 P2d 395 (1998), *rev allowed* 328 Or 275 (1999). As we held in that case, and contrary to the trial court's conclusion below, the statute's retroactive application does not violate either Article I, section 21, of the Oregon Constitution, or Article I, section 10, of the United States Constitution.[3] *Id.*

Defendant argues alternatively that, even if ORS 136.432 applies here, the evidence should be excluded because it was obtained in violation of the state and federal constitutional prohibitions on unreasonable searches and seizures. Or Const, Art I, § 9; US Const, Amend IV. The trial court did not reach that issue. Consequently, the appropriate course is for defendant to renew his argument on remand and seek the trial court's determination of that issue. *See State v. Denny*, 158 Or App 616, 622, 978 P2d 1014 (1999) (reversing suppression under ORS 810.410; remanding for determination of constitutionality of seizure because issue may depend

---

[3] Defendant also raises additional constitutional challenges to ORS 136.432 by "incorporat[ing] by reference the arguments in the petition for reconsideration in *Fugate*." Just as we rejected an effort in *Fugate* similarly to incorporate arguments from another brief without specifying *which* arguments are incorporated (154 Or App at 647-48, *on recons* 156 Or App at 614), we do so here. Defendant more specifically incorporates the due process and single subject arguments raised in *State v. Cruz-Aguirre*, 158 Or App 15, 972 P2d 1206 (1999). We rejected all of the constitutional arguments raised in *Cruz-Aguirre*, and we likewise reject the arguments that defendant incorporates here.

on factual determinations that must be made at the trial court level).

Reversed and remanded.