Argued and submitted June 30, reversed and remanded July 26, 2000

STATE OF OREGON,
*Appellant,*

*v.*

GLENN RYAN HITTLE,
*Respondent.*

(951240; CA A93470)

8 P3d 248

Robert M. Atkinson, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Daniel Q. O'Dell, Deputy Public Defender argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

The state appeals a trial court order suppressing evidence. We reverse.

On November 12, 1995, an officer stopped defendant for a traffic infraction. The trial court found that, after the traffic stop ended, the officer told defendant that he was free to go. The officer then asked defendant for permission to search his car for weapons, large sums of cash, or controlled substances. Defendant consented. The officer found the evidence in issue during the ensuing search.

Before trial, the court granted defendant's motion to suppress on the ground that the officer violated ORS 810.410 by making the request. Thereafter, the legislature adopted ORS 136.432, which limits suppression to constitutional violations. In *State v. Fugate*, 154 Or App 43, 963 P2d 686, *on recons* 156 Or App 609, 969 P2d 395 (1998), *rev allowed* 328 Or 275 (1999), we held that the statute is constitutional and that it applies to all pending cases, including those that are based on events before the enactment of the statute. We decline defendant's invitation to reconsider that holding.

Defendant also argues that the traffic stop was still continuing when the officer asked for consent and that the request was therefore an unconstitutional exploitation of the stop. There is evidence to support the trial court's findings that the stop had ended and that the officer had told defendant that he was free to go. Based on those findings, there was no constitutional violation.

Reversed and remanded.