Argued and submitted May 31, reversed and remanded August 15, 2001

## STATE OF OREGON,
*Appellant,*

*v.*

## BRUCE ANTHONY DUFFY,
*Respondent.*

F04977; A109241

29 P3d 1222

Jonathan Fussner, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Eva Shih, Assistant Attorney General.

Rankin Johnson IV, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

The state appeals an order suppressing evidence obtained by questioning defendant during a traffic stop. The state argues that the trial court erred in concluding that the officer who initiated the stop unlawfully questioned defendant without reasonable suspicion that he was engaged in criminal activity. We agree with the state and reverse and remand for further proceedings.

The relevant facts are undisputed. Oregon State Police troopers Purdy and Givens stopped defendant at approximately 3:20 a.m. for a missing license plate light. Givens asked defendant what he and his passenger, Widick, had been up to. Defendant responded that they had been to Ladd Marsh, an area known for late-night drinking and drug activity. Givens asked defendant whether he had been drinking, and defendant replied that he had consumed a beer. Givens then asked defendant whether he would consent to perform field sobriety tests. Defendant submitted to the tests. Meanwhile, Purdy asked Widick for consent to search his backpack, and Widick consented. The search revealed a marijuana pipe. When Givens saw the pipe, he asked defendant whether there was anything the troopers should know about. Defendant produced a small bag containing a white powdery substance that later tested positive for methamphetamine.

Defendant was charged with possession of a controlled substance. He moved to suppress all statements and physical evidence relating to controlled substances. The sole ground for the motion was that Givens lacked reasonable suspicion to ask defendant about his possible possession of controlled substances. The trial court agreed and entered an order suppressing the evidence.

On appeal, the state argues that Givens was authorized to question defendant about possession of controlled substances under ORS 810.410(3), which provides, in part:

"A police officer:

"* * * * *

> "(b)   May stop and detain a person for a traffic violation for the purposes of investigation reasonably related to the traffic violation, identification and issuance of citation.

> "(c)   May make an inquiry into circumstances arising during the course of a detention and investigation under paragraph (b) of this subsection that give rise to a reasonable suspicion of criminal activity.

> "* * * * *

> "(e)   May request consent to search in relation to the circumstances referred to in paragraph (c) of this subsection or to search for items of evidence otherwise subject to search or seizure under ORS 133.535."[1]

According to the state, subsection (e) of the statute plainly authorizes a police officer to ask for consent to search for controlled substances.

Defendant argues that the state misreads subsection (e). According to defendant, the subsection requires reasonable suspicion before an officer may ask for consent to search. Even if the statute does not, by its own terms, impose a reasonable suspicion requirement, defendant argues, the state and federal constitutions do. Finally, defendant argues that, even if the officers had authority to ask for consent to search, he did not voluntarily give that consent.

Whether ORS 810.410(3)(e) requires reasonable suspicion to request a person's consent to search poses a question of statutory construction. An examination of the text reveals that the state is correct that, as applied in this case, subsection (e) does not require reasonable suspicion as a predicate to requesting for consent to search. The subsection actually authorizes two types of requests for consent. First, it permits

---

[1] ORS 133.535 provides, in part:

"The following are subject to search and seizure * * *:

"(1) Evidence of or information concerning the commission of a criminal offense;

"(2) Contraband, the fruits of crime, or things otherwise criminally possessed;

"(3) Property that has been used, or is possessed for the purpose of being used, to commit or conceal the commission of an offense; and

"(4) A person for whose arrest there is probable cause or who is unlawfully held in concealment."

officers during the course of a traffic stop to request "consent to search in relation to the circumstances referred to in paragraph (c) of this subsection." Subsection (c), in turn, refers to circumstances that arise during the course of the traffic stop that give rise to reasonable suspicion of criminal activity. But second, and separately, subsection (e) also authorizes officers to request consent to "search for items of evidence otherwise subject to search or seizure." There is no cross-reference to the reasonable suspicion requirements of subsection (c); indeed, were there such a cross-reference, the second clause of subsection (e) would be entirely redundant. We will not read into the second clause of subsection (e) a reasonable suspicion requirement that the legislature apparently has chosen to omit. ORS 174.010.

We turn to the constitutional issue. In *State v. Amaya*, 176 Or App 35, 29 P3d 1177 (2001), we held that neither the state nor the federal constitution imposes a requirement that mere questioning during a traffic stop must be supported by reasonable suspicion of criminal activity. Only when the questioning has the effect of detaining the defendant may the state or federal constitution be implicated. *Id.* at 44, 47. In this case, defendant makes no argument that the questioning itself interfered with his liberty in any way.

Whether defendant actually consented to the search is a question that the trial court did not reach, and we will not address it in the first instance on appeal. *State v. Denny*, 158 Or App 616, 622, 978 P2d 1014 (1999).

Reversed and remanded.