Argued March 20, reversed and remanded
for further proceedings July 2, 1979

STATE OF OREGON, *Appellant,*
*v.*
DOUGLAS G. WOOD, *Respondent.*

(No. 1644, CA 12458)

596 P2d 1325

Berkeley Ashton Smith, Deputy District Attorney, St. Helens, argued the cause for appellant. On the brief was James D. Huffman, Deputy District Attorney, St. Helens.

Robert P. VanNatta, St. Helens, argued the cause for respondent. With him on the brief was VanNatta & Petersen, St. Helens.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Defendant was charged with driving under the influence of intoxicants, ORS 487.540. The district court granted defendant's motion to suppress the results of a breathalyzer on the ground that the manner in which the breathalyzer ampule was stored had destroyed its capacity for independent testing, thus depriving defendant of his right to retest it and to offer the results in evidence, in violation of *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), and *State v. Michener*, 25 Or App 523, 550 P2d 449 (1976), and dismissed the case.

Defendant first argues that the appeal is moot because the state has only appealed from the order of suppression and not the order of dismissal. To the contrary, the notice of appeal is from "the * * * order * * * entered * * * in this case on October 6, 1978." That order, as noted on the reverse side of the citation, reads "10-6-78 Dismissed when state elected not to proceed when Breathalyzer suppressed." The notice of appeal is sufficient to reach all parts of the order of October 6.[1]

The correctness of dismissal turns on the correctness of the suppression. The trial court heard conflicting expert testimony on whether the breathalyzer ampules used here were capable of retesting. It did not make findings from the evidence. Rather, it concluded that it was bound by our decision in *Michener* to hold as a matter of law that they are retestable if properly preserved. We did not so hold. *Michener* was decided on its facts. We held that there was evidence (expert testimony that the breathalyzer ampules used in that case could be retested if stored under particular conditions) to support the trial court's finding that the ampules were capable of retesting. 25 Or App at 527, n 5. *See State v. Gibford*, 40 Or App 77, 594 P2d 858

---

[1] Because the suppression and dismissal are accomplished in one order, the problem of the intervening dismissal which we noted in *State v. Hoare*, 20 Or App 439, 422, 532 P2d 240 (1975), is not presented.

[33]

(1979). *Michener* said nothing as a matter of law about the retestability of breathalyzer ampules. Thus, the question of suppression of the original test because the ampule is unavailable for retesting depends on the evidence in each case. Here, there was conflicting evidence, but the trial court declined to resolve the factual issues. The case must be remanded for findings.

Defendant urges that we should adopt a rule recognizing that all breathalyzer ampules are capable of retesting, thus obviating the need for repetitive hearings and adjudications of the same facts. We decline to do so because we do not know enough about breathalyzer machines or ampules to do so. Maybe someday they will be as commonly accepted as radar and fingerprints, but not yet.

Reversed and remanded for further proceedings.