Argued and submitted October 19, 1992, conviction affirmed; sentence vacated; remanded for resentencing March 10, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# THEODORE H. POPP,
*Appellant.*

(88-531, 88-554; CA A73696)

848 P2d 134

David Green, Portland, argued the cause for appellant. On the brief were Theodore M. Brindle, McKeown & Brindle, P.C., Portland.

Ann Feusse, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were Charles S.

Crookham, Attorney General, Virginia L. Linder, Attorney General, and Janet A. Metcalf, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals from an order that commenced his term of probation after an unsuccessful appeal. ORS 138.040; ORS 138.053(1)(c). We reverse.

In 1988, defendant was convicted of robbery in the first degree, ORS 164.415, and conspiracy to commit robbery in the first degree. ORS 161.450. In January, 1989, the trial court merged the convictions, imposed a 20 year sentence, suspended the execution of the sentence, and placed defendant on probation for a period of five years. Defendant moved for an order "staying the execution of sentence pending appeal," which the court granted. As a result, defendant did not fulfill the conditions of his probation while his appeal was pending. After defendant's conviction was affirmed on appeal, *State v. Popp*, 100 Or App 552, 787 P2d 1313 (1990), the state moved for reinstatement of the probation. The trial court granted the state's motion and ordered that the five year term of probation begin in January, 1992.

■ Defendant argues that the trial court had no authority to delay the commencement of probation until January 14, 1992. The state rejoins that the defendant invited the error and thereby has waived any claim of error.

■■ A defendant remains on probation during the pendency of an appeal and a court is without authority to stay a term of probation pending appeal. *State ex rel Dillavou v. Foster*, 273 Or 319, 324, 541 P2d 811 (1975); *see also* ORS 138.135(1). Thus, the court's disposition is erroneous and requires vacation unless defendant is estopped from asserting the error by his invitation to the trial court. Generally, invited error is not a basis for reversal. *State v. Koennecke*, 274 Or 169, 173-74, 545 P2d 127 (1976). The parties do not cite, nor have we been able to find, any Oregon case in which a defendant attacked an unauthorized disposition on appeal that the defendant had invited in the trial court.[1] We have found at least one other jurisdiction that holds that an invited

---

[1] In *State v. Koennecke, supra*, the defendant argued that the state had invited error when it appealed from an order suppressing testimony after the state had failed to comply with a discovery order requiring delivery of the officer's service revolvers for test firing and inspection. The court noted that the state did not contend that the trial court had no power to refuse to permit the officer from testifying and that that question was not presented for decision. 274 Or at 175 n 3.

unauthorized sentence must be vacated.[2] We believe that the reasoning that a defendant cannot confer authority on a court that it does not have must be applied to this situation. *See State v. Adams*, 315 Or 359, 367, 847 P2d 397 (1993) (Van Hoomissen, J., concurring); *see also Applegate v. Dowell*, 15 Or 513, 16 P 651 (1887). Because the trial court acted without authority when it granted defendant's motion, we are required to vacate the sentence and remand for resentencing.

Conviction affirmed; sentence vacated; remanded for resentencing.

---

[2] In *White v. State of Florida*, 404 So2d 804 (Fla App 1981), the court held that the fact that defendant consented to the reduction of his sentence before the trial court, an action for which the trial court lacked authority, did not estop him from raising that question on appeal, because a defendant cannot confer authority on a court by acquiescence, waiver or estoppel.