Argued and submitted January 21, 1998, appeal dismissed February 17, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## ARRAY LEE ROBINSON,
*Respondent.*

## (CR96-51159; CA A97089)

974 P2d 713

Ann Kelley, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Dennis V. Messoline argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.*

WOLLHEIM, J.

---

* Wollheim, J., *vice* Riggs, P. J., resigned.

## WOLLHEIM, J.

In this criminal case, the state appeals from a pretrial order suppressing evidence obtained in a search of defendant's bag. The state argues that the trial court erred in suppressing the evidence. We do not reach the merits of the state's argument because we conclude that the appeal is moot.

Defendant was charged with unlawful possession of a firearm and possession of less than an ounce of marijuana. Before trial, he moved to suppress evidence that had been obtained when a paramedic employed by the City of Salem opened a bag in defendant's possession in the course of transporting him in an ambulance. On March 24, 1997, the trial court entered an order suppressing the evidence. On March 26, 1997, at the prosecutor's request, the trial court entered a separate order dismissing the case pursuant to ORS 135.755 "in furtherance of justice."[1] On April 23, 1997, the state took this interlocutory appeal from the March 24 order suppressing evidence. ORS 138.060 (3) (state may appeal from a pretrial order suppressing evidence). The state did not appeal the March 26 order dismissing the indictment.

The parties briefed this case on the merits, with no mention of the fact that it was dismissed before the state's interlocutory appeal. However, we must examine jurisdictional issues on our own motion. *AFSCME v. DAS*, 150 Or App 87, 92, 945 P2d 102 (1997). We therefore ordered the state to show cause why the case should not be dismissed for lack of a justiciable controversy, given that the indictment had been dismissed and no appeal had been taken from the dismissal.

The state's position is that this case is indistinguishable from a number of earlier cases in which we held that the dismissal of a case under ORS 135.755 does not, in and of itself, prevent the state from seeking appellate review of a

---

[1] ORS 135.755 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in the furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

pretrial order suppressing evidence. A careful examination of those cases is required in order to resolve the jurisdictional dilemma presented here, which as we see it, is this: we may "reverse, affirm or modify the judgment or order *appealed from*," ORS 138.240 (emphasis added), but we have no authority to take action with regard to an order that has not been appealed from, such as the order dismissing the indictment in this case.

**3.** In *State v. Hoare*, 20 Or App 439, 532 P2d 240 (1975), we addressed a similar, but not identical, question. In *Hoare*, the trial court entered a pretrial order suppressing evidence and, in the same order, dismissed the case, "fail[ing] to realize such a dismissal must also be appealed in order to prevent an appeal from the evidentiary ruling from becoming moot." *Id.* at 442. The state appealed. This court noted that "unless the dismissal itself is reversed the state will be foreclosed from maintaining any further action against this defendant." *Id.* at 445.[2] We concluded that the erroneous suppression of the evidence mandated reversal of both the suppression and the dismissal. In *State v. Wood*, 41 Or App 31, 596 P2d 1325 (1979), the state appealed a pretrial order that both suppressed evidence and dismissed the case because the state elected not to proceed without the suppressed evidence. Again, we held that the notice of appeal was sufficient to reach all parts of the order. *Id.* at 33. *State v. Underwood*, 53 Or App 771, 633 P2d 803 (1981), *aff'd* 293 Or 389, 648 P2d 847 (1982), also involved a state's appeal of an order that both suppressed evidence and dismissed the case. We stated that "an order dismissing a case after an evidentiary ruling adverse to the state was improper and the case could be remanded for trial if the underlying ruling on the evidence is reversed." *Id.* at 773. *See also State v. Sulser*, 127 Or App 45, 871 P2d 126 (1994). From these cases, it is clear that an erroneous suppression of evidence may provide the basis for reversing a dismissal that is based on that suppression of evidence.

The state argues that there is no distinction between those cases and the present case, arguing that in each of

[2] Whether or not the state may reindict a defendant after a dismissal depends on the nature of the criminal charge. ORS 135.753(2).

those cases "this court concluded that it had jurisdiction to consider and resolve the merits of the state's appeal challenging the order of suppression even though the trial court also had entered an order dismissing the case and the state had not appealed from that order or otherwise challenged the dismissal on appeal." The state is incorrect in its characterization of those cases. In each of those cases, the state *had* appealed from an order that both suppressed evidence and dismissed the case. While we did not require the state to separately assign error to the suppression and the dismissal, the order of dismissal had been appealed, was properly before the appellate court, and thus was subject to reversal, modification, or other disposition, pursuant to ORS 138.240.

The only case that provides any support for the state's position is *State v. Knutsen*, 41 Or App 123, 597 P2d 834 (1979). There, the trial court suppressed evidence and entered an order of dismissal on October 17, 1978. On October 31, 1978, it entered another order suppressing the same evidence that made no reference to the dismissal. *Id.* at 125. The state appealed the October 31 order but not the October 17 order. We concluded that "the order of October 17 was effective and that of October 31 had no dispositional effect. The order of October 17 is the order of suppression from which appeal lies." *Id.* We acknowledged that the state had appealed the wrong order, described that problem as "a minor deficiency of form," *id.* at 126, and then implicitly treated the case as if the state had appealed from the October 17 order. We then held that the defendant had "not been misled or prejudiced by the nonexistence of a separate reference in the notice of appeal to the order of dismissal," reversed both the suppression and the dismissal, and remanded for trial. *Id.*

On further analysis, we find the reasoning in *Knutsen* to be unsound. The form of a notice of appeal is prescribed by ORS 19.250, which applies to criminal appeals. ORS 138.081. One of the requirements is that the notice specify the judgment or order from which the appeal is taken. ORS 19.250(1)(c). While not all requirements for a notice of appeal are jurisdictional, designation of the correct order or judgment from which the appeal is taken has been held to be jurisdictional. *Stahl v. Krasowski*, 281 Or 33, 39, 573 P2d 309

(1978) ("If anything within the notice of appeal is jurisdictional, * * * it must be a description of what action of the trial court is appealed from, because, other than the title of the case, that is the most important thing which the notice contains.").[3] In *Stahl*, the court declined to base its decision on whether or not any party had been prejudiced by the erroneous designation of the wrong order. *Id.* at 38. In light of the rule announced in *Stahl*, we conclude that *Knutsen* incorrectly treated the appeal from the wrong order as a "minor deficiency in form," and incorrectly considered whether parties had been prejudiced by the incorrect designation. 41 Or App at 126. To the extent that *Knutsen* stands for the proposition that this court may deem a party to have appealed from an order that has not been actually appealed from, it is overruled.

■     The state suggests that if we determine that the suppression of evidence was erroneous, "then this court reverses and remands for further proceedings, thereby setting aside the dismissal that occurred in the interim." The state also suggests that if this court reverses the suppression order, "the dismissal order will be vacated, reinstating the case." The state cites no authority for these propositions. If it is suggesting that this court may set aside the dismissal, then it is incorrect because we are limited under ORS 138.240 to actions taken on orders "appealed from." If the state is suggesting that the trial court may set aside the dismissal under these circumstances, then we are aware of no authority for the trial court to do so. ORS 135.755 authorizes the trial court to dismiss the criminal charges, but it does not authorize what the state suggests under these circumstances. ORS 135.753 explains the effects of a dismissal under ORS 135.755:

---

[3] In cases where a party mistakenly attaches the incorrect judgment to a notice of appeal, or incorrectly describes the judgment but attaches the correct judgment, the rule from *Stahl* is not implicated. *See, e.g., Grant County Federal Credit Union v. Hatch*, 98 Or App 1, 777 P2d 1388, *rev den* 308 Or 592 (1989); *Werline v. Webber*, 54 Or App 415, 615 P2d 15 (1981), *rev den* 292 Or 450 (1982). We have, however, distinguished that type of case from ones where "there is no way to determine that [the appellant] really intended to appeal from any judgment other than the one she specifically mentioned and attached to her notice." *Kent v. Lindstedt*, 138 Or App 316, 908 P2d 833 (1995).

"(1)  If the court directs the charge or action to be dismissed, the defendant, if in custody, shall be discharged. If the defendant has been released, the release agreement is exonerated and security deposited shall be refunded to the defendant.

"(2)  An order for the dismissal of a charge or action, as provided in ORS 135.703 to 135.709 and 135.745 to 135.757, is a bar to another prosecution for the same crime if the crime is a Class B or C misdemeanor; but it is not a bar if the crime charged is a Class A misdemeanor or a felony.

"(3)  If any charge or action is dismissed for the purpose of consolidation with one or more other charges or actions, then any such dismissal shall not be a bar to another prosecution for the same offense."

Thus, ORS 135.755 does not contemplate a trial court "setting aside" a dismissal and reviving a prosecution. If the state wishes to pursue criminal charges after a dismissal under ORS 135.755, it may either appeal the dismissal under ORS 138.060(1), or it may reindict the defendant if it may do so under the limitations set forth in ORS 135.753.

In this case, the state has taken an interlocutory appeal from an intermediate order of the trial court. Since that order was entered, the trial court made a final disposition of the case; there is no pending case in the trial court. The trial court's entry of a valid order of dismissal, which has not been appealed, moots the state's appeal. We lack jurisdiction, and we are required to dismiss.

Appeal dismissed.