Argued and submitted October 26, 2004, affirmed February 2, 2005

STATE OF OREGON,
*Appellant,*

*v.*

WILLIAM JOEL FERGUSON,
*Respondent.*

000666FE; A116493

105 P3d 872

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jamesa J. Drake, Deputy Public Defender, argued the cause for respondent. With her on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges

ORTEGA, J.

## ORTEGA, J.

The state appeals the trial court's suppression of evidence and dismissal of this criminal case in which defendant was charged with possession, delivery, and manufacture of a controlled substance. ORS 475.992. As explained below, we conclude that the state invited any error in dismissing the case and that the failure of the state's challenge to the dismissal renders moot its arguments concerning the propriety of suppression. Accordingly, we affirm.

■    The pertinent facts are not in dispute. We are bound by the trial court's historical findings of fact relating to defendant's motions to suppress, to the extent that those findings are supported by evidence in the record. *State v. Ehly,* 317 Or 66, 75, 854 P2d 421 (1993). The trial court's factual findings are as follows:

"1.    [A]n arrest warrant and search warrant were executed on Diana Knapp in her residence[.]

"2.    At some point, either during or following the execution of the warrant and search of the residence * * *, [Knapp] engaged in a phone conversation with defendant * * *. That conversation was tape recorded by * * * officers without defendant's knowledge or consent.

"3.    [Detective Hatton] relied upon the information obtained through the interception of the telephone call between defendant and [Knapp] as the basis for probable cause to arrest defendant without a warrant and to subsequently conduct a warrantless search of defendant's vehicle * * *."

In order to explain our disposition of this appeal, we add a brief description of what transpired in the trial court. Defendant initially filed a motion *in limine* to exclude evidence of the telephonic recording of Knapp's conversation with defendant. At the hearing on that motion, the parties indicated to the court that Knapp was unavailable. The trial court ruled that "the testimony of the witness Knapp that she consented to the taping of the conversation is relevant testimony, and without her being available, it—it's still hearsay when we get to court. You can't get it admitted on the hearsay evidence[.]"

Defendant later moved to suppress evidence of the telephonic recording, as well as the evidence obtained as a result of the recording, arguing that the evidence was unlawfully obtained in violation of ORS 165.540[1] and Article I, section 9, of the Oregon Constitution and that, without the recording, the state could not establish that it had probable cause for the warrantless search of defendant and his vehicle. At the hearing on the motion to suppress, the prosecutor argued that, because the rules of evidence do not apply to pretrial hearings on suppression motions, the court could consider hearsay to determine whether the recording was made with Knapp's consent. The trial court ruled that the state was required to prove consent to the recording at the hearing on the motion to suppress but "not through hearsay." Accordingly, the trial court suppressed the recording and all evidence that resulted from the recording and concluded that, without the recording, the state had failed to demonstrate that probable cause supported the subsequent search of defendant and his vehicle. In the same order, the trial court reduced to writing its earlier decision on the motion *in limine* concerning admissibility of the recording at trial.

The prosecutor then moved for a continuance, noting that the case was scheduled to go to trial the following day and seeking a new trial date "for the reason that the State is forwarding the case to the Appellate Division of the Department of Justice for their consideration of appealing the pretrial rulings." At the hearing on that motion on the day scheduled for trial, the following colloquy took place:

"[PROSECUTOR]: Well, I filed a motion to continue the trial date based on the Court's ruling on Monday. I think * * * you have basically two decisions. You can continue the case to give me some time to look into an appeal situation or * * * I'm not going to dismiss the case, but *under ORS 136.120, you could dismiss the case because the prosecution is unprepared for trial.* And I'm telling the Court I'm unprepared to proceed to trial given the court's ruling on Monday. So those two choices would be the Court's.

---

[1] Under ORS 41.910, recordings made in violation of ORS 165.540 are not admissible except under certain circumstances not present in this case.

"[THE COURT]:   Okay. And * * * you've looked into this. * * * [D]oes the dismissal under 136.120 * * * based upon the inability to proceed given the rulings of the Court adversely affect your ability to file an appeal?

"[PROSECUTOR]:   No, Your Honor."

(Emphasis added.) Thereafter, the trial court dismissed the case, and the state appealed the order granting the motion to suppress and the order of dismissal.

■        Defendant contends that the state cannot prevail in its challenge to the court's suppression rulings because it invited any error that the trial court committed in dismissing the case. In particular, defendant relies on *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975), for the proposition that it is improper for a trial court to dismiss a case pursuant to ORS 136.120 when the state wishes to take an interlocutory appeal of a pretrial order suppressing evidence. Thus, defendant maintains, the prosecutor invited error by informing the court that it could proceed under that statute in dismissing the case. We agree with defendant.

ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

In *Hoare,* the trial court made a pretrial ruling as to the admissibility of certain evidence. In that case, the prosecutor "declined to proceed until appellate review of the decision could be obtained." 20 Or App at 441. The court then dismissed the case pursuant to either ORS 136.120 or ORS 135.755.[2] On appeal, this court determined that both the dismissal and the

---

[2] ORS 135.755 then provided:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons for the dismissal shall be set forth in the order, which shall be entered in the journal."

ORS 137.755 (1983). The current version of that statute does not differ significantly.

exclusion of the evidence were appealable under ORS 138.060.[3] *Id.* at 444-45. We further stated:

> "Having decided that the state's attempt to appeal the suppression of the breathalyzer test result was a legitimate one, it becomes evident that *ORS 136.120 furnished no authority for the court's dismissal.* ORS 138.160 provides that '[a]n appeal taken by the state stays the effect of the judgment or order in favor of the defendant * * *.' *Refusal to proceed without the evidence ruled inadmissible was not a refusal without 'sufficient cause' and was not therefore action which may appropriately support dismissal.*"

*Id.* at 445-46 (ellipses in original; emphasis added). We went on to hold that ORS 136.755 likewise did not justify a dismissal in "furtherance of justice" under those circumstances. *Id.* at 446. We concluded that the court "did not therefore have authority to dismiss the matter in the face of the state's attempt to pursue an appeal of the pretrial order suppressing evidence." *Id.*

In order to prevail on an appeal of this sort—in which the trial court has suppressed evidence *and* dismissed the case—the state must successfully appeal both the suppression and the dismissal. *State v. Robinson,* 158 Or App 494, 974 P2d 713 (1999) (if the state appeals an order suppressing evidence but fails to appeal the order of dismissal, the appeal becomes moot). To appeal successfully, the state must therefore show not only that the trial court erred in suppressing evidence but that it erred in dismissing the case.

As noted above, the trial court dismissed the case pursuant to ORS 136.120 (providing for dismissal where the district attorney is not ready and "does not show any sufficient cause for postponing the trial") on the ground that the prosecutor wished to appeal rather than go to trial. Under *Hoare,* a dismissal under those circumstances was error, as taking an appeal from a pretrial suppression order *does* constitute "sufficient cause" for postponement of trial. *Hoare,* 20 Or App at 445-46. The problem is that the state is not in a

---

[3] That statute then provided that the state could appeal, among other things, "[a]n order made prior to trial dismissing or setting aside the accusatory instrument" or "[a]n order made prior to trial suppressing evidence * * *." The current version of the statute does not differ significantly.

position to argue on appeal that the trial court erred in dismissing the case pursuant to ORS 136.120, because the prosecutor informed the trial court that it *was* authorized to dismiss the case pursuant to that statute under these circumstances. Invited error cannot serve as the basis for reversal. *State v. Maxwell,* 165 Or App 467, 478, 998 P2d 680 (2000), *rev den,* 334 Or 632 (2002). Because the state cannot successfully challenge the dismissal of the case due to its invited error and cannot prevail simply by demonstrating that the suppression order was erroneous, *see Robinson,* 158 Or App at 499-500, our only possible disposition under the circumstances is to affirm.

Affirmed.