On appellant's petition for reconsideration filed March 16, and respondent's response filed June 2, reconsideration allowed; former opinion (197 Or App 384, 105 P3d 872) modified in part; former disposition withdrawn; vacated and remanded August 17, 2005, petition for review denied January 24, 2006 (340 Or 34)

## STATE OF OREGON,
*Appellant,*

*v.*

## WILLIAM JOEL FERGUSON,
*Respondent.*

### 000666FE; A116493

119 P3d 794

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for petition.

Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services, for response.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

The state petitions for reconsideration of our decision in *State v. Ferguson*, 197 Or App 384, 105 P3d 872 (2005), on the ground that it is in conflict with statements made in two prior opinions of this court: *State v. Williams*, 161 Or App 111, 984 P2d 312 (1999), and *State v. Sulser*, 127 Or App 45, 871 P2d 126 (1994). Our decision in *Ferguson* holds that the state invited error when, after losing a suppression motion, the state advised the trial court to dismiss the charges against defendant pursuant to ORS 136.120. *Ferguson*, 197 Or App at 389-90. As explained below, we adhere to our analysis, as modified, and modify the disposition.

We briefly recount the historical and procedural facts at issue. Knapp, who had just been arrested, identified defendant as her drug supplier and, according to the state, agreed to assist police in arresting him. The police recorded a telephone conversation between Knapp and defendant in which defendant agreed to deliver a half-ounce of methamphetamine to Knapp's house that afternoon. Based on the statements they heard during the phone call, the police arrested defendant outside Knapp's home. They searched defendant incident to his arrest and found a zippered pouch next to the driver's seat of his truck that contained several bindles of methamphetamine.

Defendant moved to suppress evidence of the telephone conversation that the police had recorded on the ground that neither he nor Knapp had consented to the recording. *Id.* at 386-87. Defendant contended that, without the unlawfully obtained evidence of the telephone conversation, the police lacked probable cause for a warrantless search of defendant and his vehicle.[1] *Id.* at 387. Knapp did not testify at the suppression hearing, and the prosecutor sought to introduce hearsay evidence to prove that Knapp had consented to the recording. The trial court ruled that the state could not rely on hearsay to demonstrate Knapp's consent. Accordingly, it held that the telephone recording was

---

[1] Defendant also moved *in limine* to exclude the recording itself at trial, but the trial court's ruling on that motion is not at issue on appeal.

made illegally and that the subsequent search was not supported by probable cause.

After that ruling, the prosecutor indicated that she was not prepared to try the case without the evidence in question and sought a continuance in order to appeal the suppression ruling. *Id.* at 387. The prosecutor then stated to the court that, although she was not going to dismiss the case, "under ORS 136.120, you could dismiss the case because the prosecution is unprepared for trial." *Id.* The trial court dismissed the case pursuant to ORS 136.120, and the state appealed both the suppression order and the judgment of dismissal. *See State v. Robinson*, 158 Or App 494, 974 P2d 713 (1999) (if a trial court dismisses a case after granting suppression, the state must appeal the dismissal as well as the suppression, or the appeal will be rendered moot).

On appeal, the state argued that the trial court erred in suppressing evidence of the telephone conversation and in dismissing the case. Defendant responded, in part, that, in order to prevail, the state not only would have to gain reversal of the suppression, but of the dismissal as well, and argued that the state could not gain reversal of the latter because it had invited any error in that regard by telling the court that it could dismiss the case under ORS 136.120. Defendant relied on *State v. Hoare*, 20 Or App 439, 445-46, 532 P2d 240 (1975), for the proposition that a prosecutor's refusal to proceed to trial when the state wished to appeal a suppression ruling did not constitute lack of "sufficient cause for postponing the trial" pursuant to ORS 136.120.

We agreed with defendant that *Hoare* was directly on point, stating:

"In order to prevail on an appeal of this sort—in which the trial court has suppressed evidence and dismissed the case—the state must successfully appeal both the suppression and the dismissal. *State v. Robinson*, 158 Or App 494, 974 P2d 713 (1999) (if the state appeals an order suppressing evidence but fails to appeal the order of dismissal, the appeal becomes moot). To appeal successfully, the state must therefore show not only that the trial court erred in suppressing evidence but that it erred in dismissing the case.

"As noted above, the trial court dismissed the case pursuant to ORS 136.120 (providing for dismissal where the district attorney is not ready and 'does not show any sufficient cause for postponing the trial') on the ground that the prosecutor wished to appeal rather than go to trial. Under *Hoare*, a dismissal under those circumstances was error, as taking an appeal from a pretrial suppression order does constitute 'sufficient cause' for postponement of trial. *Hoare,* 20 Or App at 445-46. The problem is that the state is not in a position to argue on appeal that the trial court erred in dismissing the case pursuant to ORS 136.120, because the prosecutor informed the trial court that it was authorized to dismiss the case pursuant to that statute under these circumstances. Invited error cannot serve as the basis for reversal. *State v. Maxwell*, 165 Or App 467, 478, 998 P2d 680 (2000), *rev den*, 334 Or 632 (2002). Because the state cannot successfully challenge the dismissal of the case due to its invited error and cannot prevail simply by demonstrating that the suppression order was erroneous, *see Robinson*, 158 Or App at 499-500, our only possible disposition under the circumstances is to affirm."

*Ferguson*, 197 Or App at 389-90. Thus, we concluded that, regardless of the merits of the suppression issue, the state was not in a position to argue for reversal of the dismissal because the prosecutor had invited the trial court's erroneous dismissal of the case.

■        On reconsideration, the state primarily argues that our holding simply was wrong—that, in cases since *Hoare*, we have indicated that "an erroneous suppression of evidence may provide the basis for reversing a dismissal that is based on that suppression of evidence," albeit not in quite the same context as presented here. *Robinson*, 158 Or App at 497. The state further notes that, in fact, we have held that the state's "voluntary dismissal [did not] preclude an appeal from the order of suppression and dismissal." *Williams*, 161 Or App at 115; *see also Sulser*, 127 Or App at 47 n 1 (where a dismissal and suppression were contained in the same order, the dismissal did "not affect the disposition of this appeal"). The state's position, as we understand it, is that, because "an erroneous suppression of evidence may provide the basis for reversing a dismissal that is based on that suppression of evidence," *Robinson*, 158 Or App at 497, the trial court's motivation or impetus for dismissing the case is irrelevant

because reversal of the suppression mandates reversal of the dismissal.

Defendant responds by attempting to carve out a distinction between (1) cases in which the court suppresses evidence and dismisses the case in the same order and (2) cases (like this) in which the court suppresses evidence and dismisses the case in separate orders. Defendant posits that *Williams* and *Sulser* are distinguishable from this case because they fell into the former, not the latter, category.

Defendant's proposed distinction is, for present purposes, a distinction without a difference. Such a distinction is useful in cases like *Robinson*, *Williams*, and *Sulser*, in which the court must determine whether the case is moot or whether the state has appealed from the correct order or orders. However, we perceive no principled reason in the context of determining whether a party has invited error by proposing that a case be dismissed under ORS 136.120. Accordingly, we reject defendant's proffered distinction and return to the state's arguments concerning *Hoare*'s continuing vitality.

What the state seems to be suggesting is that, although *Hoare*'s result is correct, its reasoning concerning the propriety of dismissal under ORS 136.120 is obsolete in light of later cases from this court that have not separately analyzed the propriety of suppression and dismissal. That is, we understand the state to be suggesting that the propriety of a dismissal pursuant to ORS 136.120 simply is not at issue in this kind of case because the success of a state's appeal under these circumstances rests solely on whether the suppression of evidence was proper. Thus, under the state's approach, it would follow that, if the propriety of the dismissal is not at issue, it does not matter whether the appellant suggested that the court could dismiss under ORS 136.120.

The state's argument in that regard is not without some force. *Hoare* was decided in 1975. In the 30 years since then, cases have routinely come before us in which the trial court, after suppressing evidence pretrial, dismissed the

case. In analyzing the propriety of the dismissal and the suppression, we have generally treated the two as interdependent. Sometimes, that treatment has been express, as in *State v. Wood*, 41 Or App 31, 33, 596 P2d 1325 (1979), where we declared that the "correctness of the dismissal turns on the correctness of the suppression," or in *State v. Underwood*, 53 Or App 771, 773, 633 P2d 803 (1981), *aff'd*, 293 Or 389, 648 P2d 847 (1982), where we described *Hoare* as requiring reversal of both the dismissal and suppression orders and remand for trial "if the underlying ruling on the evidence is reversed."[2] *See also State v. Robinson*, 158 Or App at 497 (under *Hoare*, "the erroneous suppression of the evidence mandate[s] reversal of both the suppression and the dismissal"). More often than not, however, we have proceeded in such cases simply by analyzing the correctness of the suppression ruling and, after concluding that the suppression was erroneous, summarily deeming the dismissal erroneous as well, thus implicitly treating the propriety of the dismissal as dependent on the correctness of the suppression ruling. *See, e.g., State v. Mueller*, 96 Or App 185, 772 P2d 433 (1989); *State v. Brooks*, 64 Or App 404, 668 P2d 466, *rev den*, 296 Or 56 (1983); *State v. Hattersley*, 56 Or App 265, 641 P2d 634 (1981), *aff'd*, 294 Or 592, 660 P2d 674 (1983); *State v. Sarratt*, 52 Or App 443, 628 P2d 752 (1981); *State v. Jones*, 45 Or App 617, 608 P2d 1220, *rev den*, 289 Or 337 (1980).

Thus, many, if not most, of the cases decided after *Hoare* have treated the suppression and the dismissal as two procedural dispositions stemming from a common substantive ruling—*i.e.*, the suppression. That approach was not faithful to *Hoare*. Under *Hoare*, a trial court lacks authority to dismiss under ORS 136.120 when the state is unwilling to proceed because the state wishes to appeal the trial court's decision to suppress state evidence. That is true *regardless* of

---

[2] We made the point even more starkly in *State v. Lewis*, 39 Or App 151, 591 P2d 414 (1979), although the context differed. There, the trial court had entered an order refusing to hold an omnibus hearing at the state's request. When the state then indicated it was not ready to proceed, the trial court dismissed the case. We observed that the "correctness of the second ruling [*i.e.*, the dismissal] depended upon the first [*i.e.*, the order denying the omnibus hearing]." *Id.* at 153. Therefore, after concluding that the refusal to hold a hearing was error, we reversed the dismissal, citing *Hoare*.

the correctness of the suppression. In other words, *Hoare* dictates that a trial court is obligated to continue a case if the state so moves, unless some other disposition is warranted.[3] Yet, in the 30 years following *Hoare*, we have not explicitly advised courts to discontinue the practice of dismissing cases under ORS 136.120 as a corollary to a suppression order. As a result, the cases have at best been confusing as to the proper procedures to follow, which is the one point on which the parties in this case agree.

For purposes of the limited issue before us in this case, at least some of that confusion has been ameliorated by the Supreme Court's recent decision in *State v. Shaw*, 338 Or 586, 113 P3d 898 (2005), which reinforces the vitality of *Hoare*. In *Shaw*, the state asked the trial court to grant a continuance in order to pursue an appeal concerning a pretrial evidentiary ruling.[4] The trial court denied the continuance and dismissed the accusatory instrument pursuant to ORS 136.120 on the ground that the state was "not ready" and did "not show any sufficient cause for postponing the trial." *Id.* at 599 (referencing ORS 136.120). Before turning to the merits of the evidentiary question, the court first discussed whether dismissal pursuant to ORS 136.120 under such circumstances was an abuse of discretion. *Id.* at 606-11. The court noted that the state could appeal the evidentiary ruling as a matter of right and that the state's desire to do so did not amount to lack of "sufficient cause" for purposes of ORS 136.120. *Id.* at 611.[5] Only after determining that the dismissal was improper under ORS 136.120 did the court address the underlying evidentiary matter that had prompted the state's request for a continuance to appeal. *Id.*

The court's analysis in *Shaw* demonstrates that the propriety of a dismissal pursuant to ORS 136.120 when a

---

[3] For example, in some of the cases the state has dismissed on its own motion. *See, e.g., Williams*, 161 Or App at 115; *Sulser*, 127 Or App at 47 n 1. Our decision in this case is limited to dismissals under ORS 136.120.

[4] Generally, such appeals by the state in criminal cases come through this court, but *Shaw* involved a murder and, therefore, under ORS 138.060(2), the appeal was taken directly to the Oregon Supreme Court.

[5] In reaching that conclusion, the court cited *State v. Caruso*, 289 Or 315, 613 P2d 752 (1980), as well as our decision in *Hoare*. *Shaw*, 338 Or at 610.

prosecutor seeks a continuance in order to appeal is a separate and, indeed, a preliminary question for an appellate court distinct from the merits of the evidentiary ruling that the state seeks to challenge: "[A]ny ultimate ruling on our part respecting the correctness of the trial court's [evidentiary] ruling would have no practical effect upon the parties if the trial court's dismissal of the indictment was proper." *Id.* at 606. That conclusion comports with *Hoare*, as well as with our approach here. We therefore reject the state's suggestion that disposition on appeal of the merits of such an evidentiary question obviates the need to address the propriety of a dismissal pursuant to ORS 136.120. The question whether an evidentiary error is cognizable on appeal, creating "sufficient cause" to postpone the trial in order to allow the state to pursue an appeal, is independent of the merits of the evidentiary question itself. Accordingly, an appellate court could reverse an erroneous dismissal pursuant to ORS 136.120 that was prompted by the state's wish to appeal an appealable order, but could nonetheless affirm the trial court's evidentiary ruling that the state wished to appeal.

We therefore conclude that we correctly treated the propriety of the dismissal pursuant to ORS 136.120 as distinct from the merits of the state's evidentiary challenge in this case.[6] The question remains, however, whether we should have applied the invited error doctrine under the circumstances presented here. In general, that doctrine provides that, if an appellant "was actively instrumental in bringing about" the error, then the appellant "cannot be heard to complain, and the case ought not to be reversed because of it." *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904). Undoubtedly, here the state was instrumental in the court's dismissal pursuant to ORS 136.120, because the prosecutor said to the judge, "[u]nder

---

[6] We acknowledge that our analysis falls short of the desire of both parties that we reconcile the broader competing tensions in the case law and provide encompassing procedural guidance to the bench and bar. That is, we do not here undertake to answer the broader questions concerning all possible ways in which a trial court may proceed after it has granted a pretrial suppression motion. This case concerns only a dismissal pursuant to ORS 136.120. We limit our discussion to the narrow questions presented here and the context in which those questions arise, because further guidance must be informed by the particular circumstances of future cases.

ORS 136.120, you could dismiss the case because the prosecution is unprepared for trial." *Ferguson*, 197 Or App at 387. Under *Shaw* and *Hoare*, however, that advice was wrong. Dismissal under ORS 136.120 was error under these circumstances.

The question, then, is this: Should we apply the invited error doctrine in the circumstances here? On careful consideration, we conclude that we should not. Although *Hoare* suggests that a dismissal under ORS 136.120 should not be granted regardless of the correctness of the suppression order, our cases in the intervening 30 years obscured that point. As we have discussed, those cases generally have treated the propriety of the dismissal as dependent on the correctness of the suppression ruling, and they sometimes expressly stated as much. Thus, when the trial court specifically asked if the dismissal under ORS 136.120 would adversely affect the state's pursuit of an appeal, and the prosecutor responded that it would not, the prosecutor's understanding was at least consistent with the approach that many of our post-*Hoare* cases had reflected.

Because of that, this case is significantly distinguishable from those in which the invited error doctrine ordinarily applies. That doctrine usually is invoked when a party has invited the trial court to rule in a particular way, under circumstances that suggest that the party will be bound by the ruling or at least will not later seek a reversal on the basis of it. *Compare State v. Koennecke*, 274 Or 169, 173-74, 545 P2d 127 (1976) (where the state sought a pretrial ruling on the admissibility of certain evidence and *agreed to be bound by the ruling*, the ruling could not be challenged on appeal), *with State v. Popp*, 118 Or App 508, 848 P2d 134 (1993) (where the state sought a suppression ruling for purposes of effectuating its right to appeal that ruling, the invited error doctrine did not apply). The point of the doctrine is to ensure that parties do not "blame the court" for their intentional or strategic trial choices that later prove unwise and then, to the trial court's surprise, use the error that they invited to obtain a new trial. *Tenbusch v. Linn County*, 172 Or App 172, 18 P3d 419 (2001) (discussing rationale for the invited error doctrine). Here, in contrast, everyone involved—the prosecutor,

the defense attorney, and the trial court—viewed the dismissal as a complementary disposition to the suppression ruling. Everyone likewise knew that the state intended to appeal and seek a reversal. Indeed, the trial court wanted to ensure that, by entering the dismissal order as the prosecutor suggested, the state's right to appeal would not be frustrated. Given the uncertainties of our case law at the time, and the fact that there is no inherent unfairness to the process or to the trial court in reversing the dismissal order, we agree that the state's role in suggesting a dismissal as an appropriate procedural disposition is not invited error that estops the state from challenging both the dismissal and the suppression orders on appeal.

■ Accordingly, we turn to the merits of the state's appeal. The state argues that the trial court erred in suppressing evidence of the recorded telephone conversation and the evidence that flowed from it, namely, evidence obtained in a warrantless search of defendant and his vehicle after the recording provided police with probable cause that defendant had committed a crime. The trial court here considered both a motion *in limine* concerning the admissibility of the recorded telephone conversation at trial and a motion to suppress evidence on the ground that the telephone conversation was unlawfully recorded and thus did not provide probable cause for a search. The trial court rendered its finding that the tape would not be admissible at trial because consent to the recording could not be established through the use of hearsay evidence, a ruling that is not challenged on appeal,[7] and further concluded that the motion to suppress evidence

---

[7] Defendant has filed a supplemental brief arguing that, under *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004), his Sixth Amendment right to confront witnesses against him would be violated by the admission of the recording at trial. We need not address those arguments because the state clarified in its reply brief that it was assigning error only to the trial court's probable cause ruling and not to the trial court's ruling on defendant's motion *in limine* to exclude the recording at trial:

"The sole issue presented in this appeal is whether hearsay evidence is admissible at a pretrial suppression hearing to determine probable cause for a defendant's arrest; this appeal does not present an issue regarding what hearsay evidence is admissible at trial."

Accordingly, the only question on appeal concerns the use of the recording at the suppression hearing to establish probable cause. Defendant does not contend that *Crawford* has an application to that question.

of the warrantless search should be granted because, without the recording, probable cause for the search was lacking.

The state contends that the trial court erred in concluding that hearsay evidence could not be considered in ruling on the motion to suppress. We agree. A virtually identical issue was presented in *State v. Wright*, 315 Or 124, 126, 843 P2d 436 (1992), in which the defendant moved to suppress evidence obtained during a traffic stop on the ground that the officer lacked reasonable suspicion to make the stop. In *Wright*, the trial court suppressed hearsay evidence that a nontestifying officer had told the testifying officer that the defendant was visibly intoxicated when he was stopped. 315 Or at 127. The Oregon Supreme Court stated:

> "We conclude that a hearing on a motion to suppress evidence involves a preliminary question of fact concerning the admissibility of evidence to which OEC 104(1) applies. That being so, the hearsay rules of the Oregon Evidence Code do not apply therein. OEC 101(4)(a)."[8]

*Id.* at 129 (footnote referencing federal case law reaching the same conclusion under the similar federal rule omitted). The court then remanded the case to consider the defendant's motion to suppress, including the hearsay evidence. *Id.* at 133.

Defendant suggests that we could find, on this record, that the trial court properly suppressed the recording because it found that Knapp's consent was not voluntary. We disagree. The disputed hearsay was introduced by way of an offer of proof. The record indicates that the trial court did not consider the hearsay evidence concerning Knapp's consent when it ruled on the motion to suppress. The record thus provides no basis for concluding that the trial court considered

---

[8] OEC 104(1) provides:

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege or the admissibility of evidence shall be determined by the court, subject to the provisions of subsection (2) of this section. In making its determination the court is not bound by the rules of evidence except those with respect to privileges."

OEC 101(4)(a) provides that various evidence rules, including the hearsay rule, OEC 802, "do not apply [to] * * * [t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [OEC 104]."

the validity of Knapp's consent in light of the hearsay evidence, as defendant suggests.

The state's suggestion, on the other hand, that the proper disposition is to reverse and remand for trial, is equally flawed. The state apparently assumes that, because the court should have considered the hearsay evidence in deciding the motion to suppress, it necessarily should have found that Knapp consented to the recording. On this record, we are unable to draw such a conclusion. The evidence indicated that police officers executed a search warrant on Knapp's residence and handcuffed and arrested her. Detective Hatten testified that he participated in the search. At some point during the search, another detective, Young, spoke with Knapp, apparently about the possibility of her cooperating with the officers. Hatten then indicated that Knapp expressed willingness to help the officers in exchange for not being taken to jail that day, and the officers removed Knapp's handcuffs. Hatten described Knapp as "calm" and "friendly" and said that, "like a lot of people, she would rather assist us in arresting her source than go[ ] to jail." Before the recorded telephone call was placed, Knapp signed a consent form indicating that she "agreed to assist" in the investigation, that she would not be taken to jail that day, and that her cooperation could be considered in relation to the pending charges against her.

Although *Wright* indicates that a trial court should not exclude hearsay evidence in making determinations such as the one at issue here, *Wright* does not dictate the weight that a court must accord such evidence. *Cf. Reguero v. Teacher Standards and Practices*, 312 Or 402, 418, 822 P2d 1171 (1991) (In testing the reliability of hearsay evidence in an administrative proceeding, the factfinder may look to "the alternative to relying on the hearsay evidence; the importance of the facts sought to be proved by the hearsay statements to the outcome of the proceeding and considerations of economy; the state of the supporting or opposing evidence, if any; the degree of lack of efficacy of cross-examination with respect to the particular hearsay statements; and the consequences of the decision either way."). Under the circumstances, the trial court must carefully consider and weigh the

hearsay evidence, as well as all of the other evidence, in making a determination concerning the validity of Knapp's consent in order to render a ruling on whether probable cause supported the warrantless search of defendant and his vehicle.

Reconsideration allowed; former opinion modified in part; former disposition withdrawn; vacated and remanded.