Submitted December 12, 2008, affirmed April 15, petition for review denied July 29, 2009 (346 Or 590)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM JOEL FERGUSON,
*Defendant-Appellant.*

Jackson County Circuit Court
000666FE; A135865

206 P3d 247

David E. Groom filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant, who was convicted of delivery of a controlled substance and possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005), argues on appeal that the trial court erred in denying his motion to suppress evidence of the contents of an audiotape and erred in admitting into evidence the contents of the audiotape, in violation of the evidentiary rule against hearsay, as well as defendant's Sixth Amendment right to confront witnesses. For the reasons set forth below, we affirm defendant's convictions.

This case is before us on appeal for the second time. Initially, the state appealed the trial court's suppression of an audiotape. We agreed with the state that the trial court had erroneously concluded that the state could not use hearsay evidence to establish the existence of a preliminary fact pursuant to OEC 104(1). *State v. Ferguson*, 201 Or App 261, 272-73, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006). Accordingly, we remanded for further proceedings, noting, in particular, that there remained open questions as to whether the hearsay declarant, Knapp, had voluntarily consented to the audiotape recording and whether Knapp's statements made on the audiotape would be admissible at trial. *Id.* at 271 n 7, 272-73. Both of those issues were raised on remand. The present appeal concerns the court's resolution of those issues.

We reiterate the underlying facts as set forth in our previous opinion:

"The evidence [adduced at a pretrial suppression hearing] indicated that police officers executed a search warrant on Knapp's residence[, found drugs,] and handcuffed and arrested her. Detective Hatten testified that he participated in the search. At some point during the search, another detective, Young, spoke with Knapp, apparently about the possibility of her cooperating with the officers. Hatten then indicated that Knapp expressed willingness to help the officers in exchange for not being taken to jail that day, and the officers removed Knapp's handcuffs. Hatten described Knapp as 'calm' and 'friendly' and said that, 'like a lot of people, she would rather assist us in arresting her

source than go[ ] to jail.' Before the recorded telephone call was placed, Knapp signed a consent form indicating that she 'agreed to assist' in the investigation, that she would not be taken to jail that day, and that her cooperation could be considered in relation to the pending charges against her."

*Id.* at 273. Knapp placed two brief calls to defendant, which were recorded by the police. In those calls, Knapp arranged for defendant to come to her house at a particular time and implied that she wished to buy drugs from defendant. Defendant arrived at Knapp's house, and a search of his vehicle revealed methamphetamine.

Defendant moved to suppress the audiotape and the methamphetamine. Knapp was subpoenaed for the hearing on the motion but failed to appear. The original appeal in this case concerned the trial court's conclusion that the state could not establish the admissibility of the audiotape pursuant to ORS 165.540 based on hearsay evidence of Knapp's consent to the recording.

In light of our conclusion that the state could use hearsay evidence to establish Knapp's consent to the recording, the trial court on remand held a new suppression hearing to determine whether Knapp consented to the recording. The state presented testimony by the officers on the scene concerning Knapp's demeanor and behavior, as well as their own, during the time that the alleged consent to record the audiotape was obtained. Their testimony indicated that the interaction between Knapp and the officers was peaceful and that she agreed to cooperate with making the audiotape in exchange for not being taken to jail that day. Defendant then took the stand and testified that he had spoken to Knapp approximately a month after the audiotape was made and that Knapp had told him that the police had kicked in the door to her house, thrown her into a corner, and threatened her in order to get her to cooperate with them. After hearing that evidence, the trial court concluded that the state had met its burden to prove that Knapp had voluntarily consented to the taping of the telephone calls.

Thereafter, defendant waived his right to a jury trial and stipulated that the evidence adduced at the suppression

hearing would be admitted at trial, although defense counsel preserved his objections to the admission of the contents of the audiotape on hearsay grounds. The court overruled defendant's objections, concluding that Knapp's recorded statements were not offered for the truth of the matters asserted. The state then presented the remainder of its case against defendant. Defendant then took the stand on his own behalf. Defendant acknowledged receiving the two recorded telephone calls from Knapp. Defendant testified that he understood that Knapp wanted methamphetamine, that defendant picked up the methamphetamine from another individual who was blackmailing him, and that he brought the methamphetamine to Knapp's house because of the blackmail. In closing, defense counsel argued a choice of evils defense and an entrapment defense. The trial court convicted defendant of possession and delivery of a controlled substance.

■    On appeal, defendant first argues that the trial court erred in denying his motion to suppress evidence, asserting that the state failed to establish that Knapp consented to the audiotaping of the telephone conversations. The trial court's determination that Knapp's consent was voluntary constitutes a preliminary question of fact. *See Ferguson*, 201 Or App at 272. We review the trial court's resolution of that preliminary question of fact to determine whether evidence in the record supports it, accepting any reasonable inferences that the trial court could have made. *State v. Cornell*, 314 Or 673, 677-78, 824 P2d 394 (1992). Here, the trial court considered evidence of Knapp's written consent, as well as testimony from officers who were present when her consent was given. The trial court was free to believe the officers' testimony as to what occurred over defendant's testimony about what he said Knapp told him about the encounter. In view of the court's conclusion that Knapp's consent was voluntary, we conclude that the court did, in fact, credit the officers' testimony over defendant's testimony. Because evidence in the record supports the court's conclusion, we affirm on this assignment of error.

■    Concerning defendant's remaining argument that the trial court erred in admitting Knapp's recorded statements at trial, we conclude that we need not reach the merits

of defendant's assertions, because any error in admitting the audiotape necessarily was harmless. In *State v. McGinnis,* 335 Or 243, 64 P3d 1127 (2003), the court considered an issue that is remarkably similar to the issue in this case. There, a controlled drug buy was recorded by police, and the defendant moved to suppress the evidence. *Id.* at 245. There, as here, the defendant took the stand and, in the course of his testimony, acknowledged that he had engaged in the drug transaction at issue in that case. *Id.* at 246. The court concluded that, given the defendant's testimony concerning the drug transaction, any error in admitting the recording was harmless error. *Id.* at 253.

We reach the same conclusion in this case. Here, defendant's trial testimony explicitly acknowledged the contents of the audiotape, as well as his own actions in obtaining and delivering the methamphetamine. Given defendant's own testimony explicitly acknowledging the contents of the audiotape, we conclude that the admission of the audiotape into evidence necessarily was harmless error, if it was error at all, under either the statutory standard for harmless error or the federal constitutional standard. *See generally Delaware v. Van Arsdall,* 475 US 673, 681, 106 S Ct 1431, 89 L Ed 2d 674 (1986) (federal constitutional harmless error standard); *State v. Davis,* 336 Or 19, 32, 77 P3d 111 (2003) (state harmless error standard).

Affirmed.