Submitted July 20, affirmed August 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BERNARD WILLIAM PONZI,
aka Bernard W. Ponzi,
*Defendant-Appellant.*

Columbia County Circuit Court
16CR59183; A172825

494 P3d 379

Ted E. Grove, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Sercombe, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant, who pleaded no contest to driving under the influence of intoxicants (DUII), appeals his judgment of conviction, arguing that the trial court plainly erred in imposing $550 in attorney fees without considering his ability to pay them and in imposing a $255 DUII conviction fee without considering whether to waive it. In particular, he focuses on the fact that the trial court indicated at sentencing that his bail would be used to satisfy those financial obligations; he argued that use of bail for those financial obligations was impermissible in light of *State v. Morales*, 367 Or 222, 235, 476 P3d 954 (2020), in which the Supreme Court recently held that a trial court had erred in concluding that a defendant had the ability to pay attorney fees from bail that had been posted by a third party.

*Morales* is not controlling here. At sentencing, defense counsel represented to the court that "I believe there's bail posted in the account to take care of financials," and agreed that after those financial obligations were satisfied, any amount that was left over would go to satisfy defendant's unpaid child support obligations rather than being refunded to defendant. Aside from the fact that any error here would not be considered plain error given the implication that the funds in question belonged to defendant rather than a third party, any error here was invited. *See generally State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006) (if an appellant was actively instrumental in bringing about an error, the judgment should not be reversed because of it). Accordingly, we reject defendant's assertions that the court erred in imposing attorney fees and the DUII fee.

In a *pro se* supplemental brief, defendant raises additional issues, which we reject without discussion.

Affirmed.